

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Teresa Young, a/k/a
Donella D.,[1]
Complainant,

v.

Steven T. Mnuchin,
Secretary,
Department of the Treasury
(Internal Revenue Service),
Agency.

Request No. 2019000507

Appeal No. 0120181526

Agency No. IRS180237F

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Donella D. v. Dep't of the Treasury, EEOC Appeal No. 0120181526 (Aug. 15, 2018). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

In her underlying complaint, Complainant alleged that she was subjected to discrimination based on disability and in reprisal for prior protected EEO activity when: (1) management denied her request for a hardship transfer to the night shift due to her medical conditions; (2) management terminated her employment and breached a contract guaranteeing her work until August 2018; (3) management failed to select Complainant for a Management Assistant detail; and (4) management failed to select Complainant for two Human Resources Assistant positions, a Voluntary Relocation Program, and an Automation Systems Specialist position.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

On March 23, 2018, the Agency issued a decision dismissing Complainant's complaint pursuant to 29 C.F.R. §1614.107(a)(2). The Agency determined that Complainant failed to raise the alleged incidents in her EEO counseling and the alleged incidents were not like or related to the matters she did raise in counseling. The Agency informed Complainant that she should contact an EEO Counselor "within 15 days of receipt of [the final agency] decision" if she wished to pursue the dismissed matters.

On appeal, the Commission affirmed the dismissal of claims (2) through (4) and reversed the dismissal of claim (1). In so doing, the Commission found that the EEO Counselor's report noted that Complainant claimed that she was discriminated against on the bases of disability and reprisal when management refused to provide her with equipment and guidance needed to perform her duties; a management official subjected her to sexual harassment by staring at her; management charged her with AWOL improperly; management failed to respond to Complainant's request for a tour of duty change due to her medical condition;, and management reassigned Complainant to a cubical that did not agree with her medical conditions. Based on the EEO Counselor's report, we found that Complainant raised claim (1) (denial of a request for transfer to the night shift) with the EEO Counselor and in the formal complaint. Accordingly, we reversed the dismissal of claim (1), affirmed the dismissal of claims (2) – (4), and remanded claim (1) for further processing.

In her request for reconsideration, Complainant contends that the appellate decision erroneously stated that the Seasonal Employment Agreement was undated.[2] Additionally, Complainant asserts that the appellate decision is contradictory. Complainant further alleges that the appellate decision failed to consider the boxes that were selected on her EEO Counselor report, which Complainant believes indicate that she discussed the dismissed claims with the EEO Counselor. However, on appeal, Complainant did not raise the argument that she discussed the dismissed claims when she initiated EEO Counselor contact and it is too late to raise this argument for the first time in her request for reconsideration.

The Commission emphasizes that a request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. We discern no persuasive argument or evidence in Complainant's request for reconsideration that satisfy the criteria for granting a request to reconsider.

---

[2] We note that the Seasonal Employment Agreement contained within the evidence of record is unsigned and inconsistent with the evidence Complainant submitted with her request for reconsideration. Nevertheless, we find this contention has no bearing on whether the alleged incident was raised with the EEO Counselor and construing the evidence in the light most favorable to Complainant, we find this to be a harmless error.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 0120181526 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request. The Agency shall comply with the Order as set forth below.

ORDER (E0618)

The Agency is ordered to process the remanded claims in accordance with 29 C.F.R. § 1614.108. The Agency shall acknowledge to the Complainant that it has received the remanded claims **within thirty (30) calendar days** of the date this decision was issued. The Agency shall issue to Complainant a copy of the **investigative file** and also shall notify Complainant of the appropriate rights **within one hundred fifty (150) calendar days** of the date this decision was issued, unless the matter is otherwise resolved prior to that time. If the Complainant requests a final decision without a hearing, the Agency shall issue a final decision **within sixty (60) days** of receipt of Complainant's request.

As provided in the statement entitled "Implementation of the Commission's Decision," the Agency must send to the Compliance Officer: 1) a copy of the Agency's letter of acknowledgment to Complainant, 2) a copy of the Agency's notice that transmits the investigative file and notice of rights, and 3) either a copy of the complainant's request for a hearing, a copy of complainant's request for a FAD, or a statement from the agency that it did not receive a response from complainant by the end of the election period.

IMPLEMENTATION OF THE COMMISSION'S DECISION (K0618)

Under 29 C.F.R. § 1614.405(c) and § 1614.502, compliance with the Commission's corrective action is mandatory. Within seven (7) calendar days of the completion of each ordered corrective action, the Agency shall submit via the Federal Sector EEO Portal (FedSEP) supporting documents in the digital format required by the Commission, referencing the compliance docket number under which compliance was being monitored. Once all compliance is complete, the Agency shall submit via FedSEP a final compliance report in the digital format required by the Commission. See 29 C.F.R. § 1614.403(g). The Agency's final report must contain supporting documentation when previously not uploaded, and the Agency must send a copy of all submissions to the Complainant and his/her representative.

If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement.

See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.** See 29 C.F.R. § 1614.409.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (Q0610)

This decision affirms the Agency's final decision/action in part, but it also requires the Agency to continue its administrative processing of a portion of your complaint. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision on both that portion of your complaint which the Commission has affirmed and that portion of the complaint which has been remanded for continued administrative processing. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.**

The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

March 8, 2019
Date

6                                                                                  2019000507

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Teresa Young
PO Box 241702
Memphis, TN  38124


Mariam G. Harvey, Director, EO Programs
Department of the Treasury
Office of Civil Rights and Diversity
1500 Pennsylvania Avenue NW
Washington DC 20220


March 8, 2019
Date

*[signature]*
Compliance and Control Division