18 March 2018

Teresa Young
P.O. Box 241702
Memphis, TN 38124

EEOC
Office of Federal Operations
c/o Carlton M. Hadden, Director
P O box 77960
Washington, D.C. 20013

And

Mariam G. Harvey, Director EO Programs
Department of the Treasury
Office of Civil Rights and Diversity
1500 Pennyslvania Avenue NW
Washington, D.C. 20220

Dear Sir and Ma'am:
This letter is in response to Appeal No. 0120181526/ Agency No. IRS180180237F: Donella D., Complainant vs Steven T. Mnuchin, Secretary (Internal Revenue Service).

Complainant seeks to contest the decision contained within a decision letter dated by the Agency 8 March 2019 but received by Complainant 15 March 2019. Its contents states *inter alia* the decision to not investigate two of the three tenants of the case Complainant has against the Agency.

The decision for Appeal No. 0120181526/ Agency No. IRS180180237F represents a clear violation of EEO MD-110, Chapter 6 and has a substantial impact on the policies, practices, and operations of the Agency.

In addition, the decision dated 8 March 2019 involves a clearly erroneous interpretation of material fact or law and the decision will have a substantial impact on the policies, practices, or operations of the agency as contained in 29 CFR **§ 1614.405 ( c  ).**

Complainant provided documents that highlighted that which the Agency alleged that it did not receive and/or failed to review as Complainant uploaded these pertinent documents in her March 2018 electronic filing and certified delivery. Agency failed to review these documents and apply them to Complainant's case and sought to scrutinize documents for which, for example, EO documents that it cannot prove or disprove were not brought forth initially as these documents are protected and between the Complainant and the EO representative.

For the mediator or whomever to not discuss issues that are contained on the EO report, is a failure for that mediator to do his/her job for it has selected that which it wants to discuss and that which it does not. For the Complainant to have repeated claims on all three internal EO complaints proves a lack of it being resolved and for the Agency to state that it does not want to investigate such, as well as allege it was not on any of the reports, is erroneous. Agency attempts to rely upon some unseen document completed by an employee-mediator who works less than 50 feet from the management representative who attended a mediation, is to knowingly forfeit justice for injustice. Such a practice in all its partialness elicits discrimination and bias.

**Please see previously submitted Exhibit D3 and D4. The original request for accommodation and the reasonable accommodations sheet that comes back are different in every aspect. However, the illegally-placed manager who was in a detail/temporary position as a deparment manager, knowingly checked 'approved' when absolutely NOTHING in the original reasonable accommodations had been approved. In fact, Yarbrough knowingly changed the seating assignment to a non-working cubicle for a person who needed accommodations. This is fraud. All facets of the original reasonable accommodations paperwork had been changed. However, this person works for the Agency and you seek to protect such injustice. This is a violation of EEO MD-110, Chapter 6 and has a substantial impact on the policies, practices, and operations of the Agency.**

The Agency must not at liberty pick and choose which issue it seeks to investigate but must indiscriminately investigate all complaints to ensure fairness, equity, and integrity which violates facets of EEO MD-110, Chapter 6 as well as the Complainant's Civil Rights and due process under the law.

Moreover, the decision rendered in Appeal No. 0120181526/ Agency No. IRS180180237F represents a lack of due process which is a clear Civil Rights violation. The Agency's decision on the reconsideration is going uncontested before making transparent its alleged evidence for Complainant review and defense. This makes the process unfair and even in a court of law, all sides must be able to see one another's evidence prior to it being admitted into court to mount a defense <u>not after a decision or it being presented</u>, **but <u>PRIOR</u>** to that evidence's presentation and decision-making.

> ➤ Complainant seeks **<u>DUE PROCESS</u>**.

- ➤ Complainant seeks for the decision rendered in Appeal No. 0120181526/ Agency No. IRS180180237F to be immediately made null and void.

- ➤ Complainant seeks full transparency in evidence <u>PRIOR</u> to any decision being made final.

- ➤ Complainant seeks full investigation of all three tenants of her complaint against the Agency.

Respectfully submitted this 18th day of March 2019,


Teresa Young, Complainant