```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
_____

TERESA YOUNG,                       )
                                    )
     Plaintiff,                     )
                                    )
VS.                                 )   No. 19-2384-TLP-dkv
                                    )
DEPARTMENT OF THE TREASURY,IRS,     )
and STEVEN T. MNUCHIN,              )
SECRETARY,                          )
                                    )
                                    )
     Defendants.                    )
_____

           ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
_____
```

On June 11, 2019, the plaintiff, Teresa Young, filed a *pro se* complaint alleging disability discrimination in violation of the Americans with Disabilities act of 1990, 42 U.S.C. §§ 12112, ("ADA"), and retaliation under Title VII, and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On June 13, 2019, the court granted Young's motion to proceed *in forma pauperis,* (ECF No. 8), and also ordered service of process on the defendants, the United States Department of the Treasury, IRS and Steven T. Mnuchin, United States Secretary of the Treasury, (ECF No. 9). Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

Now before the court is Young's June 11, 2019 motion for appointment of counsel. (ECF No. 3.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)(no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)("There is no constitutional or . . . statutory right to counsel in federal civil cases."). Appointment of counsel is "'a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

*Id.* at 606.[1] Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are

---

[1] A plaintiff is not entitled to an evidentiary hearing on the issue. *Sutton v. Small Bus. Admin.*, 92 F. App'x 112, 116 (6th Cir. 2003).

extremely slim.  *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009)(same).[2]

Young has not satisfied her burden of demonstrating that appointment of counsel would be appropriate in this case.  Nothing in Young's motion distinguishes this employment discrimination case from numerous other cases filed by *pro se* litigants.  The issues are not complex, and Young has demonstrated the ability to represent herself.  The motion for appointment of counsel is denied at this time without prejudice.  Young can, of course, continue efforts to retain private counsel.

IT IS SO ORDERED this 17th day of June, 2019.

                                       s/Diane K. Vescovo
                                       DIANE K. VESCOVO
                                       CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] These factors are important because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989).