# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TERESA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02384-TLP-dkv |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| IRS, and STEVEN T. MNUCHIN, | ) | |
| SECRETARY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO APPOINT COUNSEL

Before the Court is an appeal of the Chief Magistrate Judge's Orders Denying pro se Plaintiff Teresa Young's Motion to Appoint Counsel. (ECF No. 18.) Also before the Court is a motion by Michael Buesgens to Appoint Counsel as to Plaintiff. (ECF No. 20.) It appears to the Court that both motions state essentially the same relevant information and request the same relief. Therefore, the Court will treat both motions as an appeal of the Chief Magistrate Judge's denial of appointed counsel.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), the Court may designate a magistrate judge to hear and determine any pretrial matter. A District Court judge may reconsider a pretrial determination made by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

The Court agrees with the Chief Magistrate Judge's determination that Plaintiff "has not satisfied her burden of demonstrating that appointment of counsel would be appropriate in this case." (ECF No. 11 at PageID 44.) A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. *See Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). Notably, however, "[t]here is no constitutional right to the appointment of counsel in a civil case." *Hayes v. Wright*, 111 F. App'x 417, 419 (6th Cir. 2004); *see also*, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("The appointment of counsel in a civil proceeding is not a constitutional right.") Rather, "[a]ppointment of counsel in a civil case is 'a privilege that is justified only by exceptional circumstances.'" *Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012) (quoting *Lavado*, 992 F.2d at 605–06).

Here, as found by the Chief Magistrate Judge, nothing sufficiently distinguishes Plaintiff's case from other employment discrimination cases filed by pro se litigants. Plaintiff bases her request for counsel on the assertion that she is unable to pay the filing fee or other legal fees, (ECF No. 16 at PageID 73), and her inability to investigate and state a claim on her own behalf, (ECF No. 18 at PageID 80). Such circumstances, however, do not necessitate the appointment of counsel, particularly given that Plaintiff's claims do not appear relatively unique or complex. Moreover, "[a]ppointment of counsel . . . is not appropriate when a pro se litigant's claims are frivolous or when the chances of success are extremely slim." *Orlowski v. Bates*, No. 2:11-cv-01396-JPM-cgc, 2015 WL 6458108, at *2 (W.D. Tenn. Oct. 26, 2015) (quoting *Lavado*, 992 F.2d at 606). Given the bare factual allegations asserted by Plaintiff in her complaint, her chances appear slim.

## CONCLUSION

Accordingly, the Court does not find the Chief Magistrate Judge's determination clearly erroneous or contrary to law. Therefore, the Court **DENIES** Plaintiff's appeal of the Chief Magistrate Judge's Order Denying her Motion to Appoint Counsel, (ECF No. 18), and **DENIES** Buesgens's Motion to Appoint Counsel as to Plaintiff, (ECF No. 20).

**SO ORDERED**, this 6th day of September, 2019.

                                        s/ Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE