# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**TERESA YOUNG,**

     **Plaintiff,**

**v.**                         **Case No.  2:19-cv-02384-TLP-dkv**

**DEPARTMENT OF THE TREASURY;**
**IRS; AND STEVEN T. MNUCHIN, UNITED**
**STATES SECRETARY OF THE TREASURY,**

     **Defendants.**

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT/ AMENDMENT TO COMPLAINT[1]

     **COME NOW**, Defendants, by and through the United States Attorney for the Western District of Tennessee, and respond to Plaintiff's Amended Complaint/Amendment to Complaint as follows:

### I. RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND PARTIES

1.     The allegations contained in **Paragraph 1** of the Amended Complaint/Amendment to Complaint are denied.

2.     The allegations contained in **Paragraph 2** of the Amended Complaint/Amendment to Complaint are denied.

---

[1] Plaintiff filed an "Amended Complaint" on September 5, 2019 (DE #25) and an "Amendment to Complaint" on September 9, 2019 (DE #28).  The two documents appear to be identical with the exception that the "Amendment to Complaint" includes an unnumbered introductory paragraph that does not require a response.

3.      The allegations contained in **Paragraph 3** of the Amended Complaint/Amendment to Complaint are denied.

4.      The allegations contained in **Paragraph 4** of the Amended Complaint/Amendment to Complaint are denied.

5.      In response to **Paragraph 5** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff appealed the Final Agency Decision in Case No. IRS-18-0237 to the EEOC (Appeal No. 0120181526) and filed her Complaint in District Court within 90 days of the EEOC's decision denying her request for reconsideration that was issued on March 8, 2019 when 5 days is added to account for mailing.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in **Paragraph 6** of the Amended Complaint/Amendment to Complaint.

7.      In response to **Paragraph 7** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff filed her Complaint in the United States District Court for the Western District of Tennessee on June 11, 2019.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in **Paragraph 8** of the Amended Complaint/Amendment to Complaint.

9.      In response to **Paragraph 9** of the Amended Complaint/Amendment to Complaint, Defendants deny committing discriminatory employment practices within the State of Tennessee or elsewhere.

10.     In response to **Paragraph 10** of the Amended Complaint/Amendment to Complaint, Defendants admit that the Department of the Treasury ("Agency") is an executive agency

of the United States government.  Defendants admit that the Agency has offices in Memphis, Tennessee; Atlanta, Georgia; and Washington, D.C.

11.    The allegations contained in **Paragraph 11** of the Amended Complaint/Amendment to Complaint are denied.

12.    In response to **Paragraph 12** of the Amended Complaint/Amendment to Complaint, Defendants admit that the Agency meets the definition of a "person" under 42 U.S.C. § 2000e and that 42 U.S.C. § 12111(7) incorporates the definition of "person" in 42 U.S.C. § 2000e, and that actions alleging disability discrimination against the United States must be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.  Further allegations are denied.

13.    The allegations contained in **Paragraph 13** of the Amended Complaint/Amendment to Complaint are denied.  The term "industry that affects individual and business taxation" is not defined in the referenced statutes.

14.    In response to **Paragraph 14** of the Amended Complaint/Amendment to Complaint, Defendants admit that the Agency has more than 25,000 employees and that actions alleging disability discrimination against the United States must be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.  Further allegations are denied.

## II. RESPONSE TO THE STATEMENT OF FACTS

15.    In response to **Paragraph 15** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff is a military veteran with disabilities who was hired by the Agency as a new hire Office Automation Clerk with a veteran's preference on March 20, 2017.  It is denied that Plaintiff was hired under a special veteran's program.  Defendants

lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

16. The allegations contained in **Paragraph 16** of the Amended Complaint/Amendment to Complaint are denied.

17. In response to **Paragraph 17** of the Amended Complaint/Amendment to Complaint, Defendants admit that Ms. Yarbrough was aware that Plaintiff submitted a request for reasonable accommodations.  Further allegations are denied.

18. In response to **Paragraph 18** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff submitted a reasonable accommodation request to the Agency.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

19. In response to **Paragraph 19** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff filed an administrative EEO claim, IRS-17-0757, in August 2017.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in **Paragraph 20** of the Amended Complaint/Amendment to Complaint.

21. In response to **Paragraph 21** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff returned to work on January 2, 2018 after the furlough. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

22.     In response to **Paragraph 22** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff was on unpaid furlough when mediation was conducted on November 2, 2017.  Further allegations are denied.

23.     The allegations contained in **Paragraph 23** of the Amended Complaint/Amendment to Complaint are admitted.

24.     The allegations contained in **Paragraph 24** of the Amended Complaint/Amendment to Complaint are denied.

25.     The allegations contained in **Paragraph 25** of the Amended Complaint/Amendment to Complaint are denied.

26.     In response to **Paragraph 26** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff filed EEO complaint IRS-18-0237 which, at the informal stage, included a claim of sexual harassment.  Plaintiff did not pursue the sexual harassment claim at the formal stage of the complaint.

27.     In response to **Paragraph 27** of the Amended Complaint/Amendment to Complaint, Defendants admit that the Failure to Follow Directive Memorandum dated January 24, 2018 related to Plaintiff's failure to move to her designated seat, which was approved due to her Reasonable Accommodation request.  Further allegations are denied.

28.     **Paragraph 28** of the Amended Complaint/Amendment to Complaint contains statements of law that require no response.  To the extent that the paragraph can be construed to assert any allegation of fact, it is denied.

29.     The allegations contained in **Paragraph 29** of the Amended Complaint/Amendment to Complaint are denied.

30.   In response to **Paragraph 30** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff submitted a reasonable accommodation request for a different cubicle and the new cubicle was offered to her in January 2018.  Plaintiff did not inform her manager that she was having computer problems, but the manager observed Plaintiff communicating with the IT helpdesk regarding her computer.   Plaintiff complained about not having keys to the cabinets in her cubicle, and management instructed her how to obtain the correct keys.  Further allegations are denied.

31.   In response to **Paragraph 31** of the Amended Complaint/Amendment to Complaint, Defendants admit that during EEO counseling in Case No. IRS-18-0237, Plaintiff alleged sexual harassment, she complained about her cubicle, and she objected to the accommodation that had been provided in January 2018.  Plaintiff failed to pursue these issues when she filed the formal complaint in Case No. IRS-18-0237.  Further allegations are denied.

32.   In response to **Paragraph 32** of the Amended Complaint/Amendment to Complaint, Defendants admit that mediation was conducted on February 28, 2018 in Case No. IRS-18-0237 and that it was unsuccessful, and that informal counseling ended on March 6, 2018.  Further allegations are denied.

33.   The allegations contained in **Paragraph 33** of the Amended Complaint/Amendment to Complaint are denied.

34.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in **Paragraph 34** of the Amended Complaint/Amendment to Complaint.

35.     The allegations contained in **Paragraph 35** of the Amended Complaint/Amendment to Complaint are denied.

36.     In response to **Paragraph 36** of the Amended Complaint/Amendment to Complaint, Defendants admit that March 10–11, 2018 was a weekend and that Department Manager Mary Yarbrough issued Plaintiff's termination letter to her on March 12, 2018.  Defendants admit that collecting an employee's badge is part of the termination process.

37.     In response to **Paragraph 37** of the Amended Complaint/Amendment to Complaint, Defendants deny that Plaintiff's termination was based on only two incidents.

38.     In response to **Paragraph 38** of the Amended Complaint/Amendment to Complaint, Defendants deny that Plaintiff was written up in January 2018 based on a request for reasonable accommodations.  Defendants admit that termination due to a request for reasonable accommodations or as retaliation is in violation of the law, but deny that the Agency terminated Plaintiff's employment on either basis.

39.     In response to **Paragraph 39** of the Amended Complaint/Amendment to Complaint, Defendants admit that the Failure to Follow Instructions/Directives Memorandum dated February 22, 2018 related to Plaintiff's failure to report to Sirina Wilkins for filing as directed.  Further allegations are denied.

40.     In response to **Paragraph 40** of the Amended Complaint/Amendment to Complaint, Defendants admit that termination due to a request for reasonable accommodations or as retaliation is in violation of the law, but deny that the Agency terminated Plaintiff's employment on either basis.

41.     The allegations contained in **Paragraph 41** of the Amended Complaint/Amendment to Complaint are denied.

## III. RESPONSE TO THE CLAIM FOR RELIEF

42.     In response to **Paragraph 42** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff is an individual with a "disability" as defined in 42 U.S.C. § 12102, and that 29 U.S.C. § 705(20)(B) incorporates the definition of "disability" from 42 U.S.C. § 12102.

43.     In response to **Paragraph 43** of the Amended Complaint/Amendment to Complaint, Defendants admit that it is unlawful to discriminate against federal probationary employees on the basis of disability or to retaliate against them for participation in EEO activities. Further allegations are denied.

44.     In response to **Paragraph 44** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff is a "qualified individual" as defined in 42 U.S.C. § 12111(8) with respect to the position of Office Automation Clerk, and that actions alleging disability discrimination against the United States must be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.  Further allegations are denied.

45.     In response to **Paragraph 45** of the Amended Complaint/Amendment to Complaint, Defendants deny that Plaintiff did not receive comparable working technology to that of her peers.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

46.     In response to **Paragraph 46** of the Amended Complaint/Amendment to Complaint, Defendants deny that Plaintiff was retaliated against.  The remainder of the paragraph contains statements of law that require no response.  To the extent that the remainder of the paragraph can be construed to assert any additional allegation of fact, it is denied.

47. **Paragraph 47** of the Amended Complaint/Amendment to Complaint contains statements of law that require no response.  To the extent that the paragraph can be construed to assert any allegation of fact, it is denied. Defendants also note that the underlying administrative complaint does not contain whistleblower allegations.

48. In response to **Paragraph 48** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff was not provided advance notice and an opportunity to respond before her employment was terminated.  Plaintiff was a probationary employee who was terminated for post-employment conduct reasons.  The remainder of the paragraph contains statements of law that require no response.  To the extent that the remainder of the paragraph can be construed to assert any additional allegation of fact, it is denied.

49. In response to **Paragraph 49** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff, a probationary employee, did not receive an annual evaluation.  Plaintiff, however, was not removed for performance; rather, her removal was based on misconduct.  Defendants deny that Plaintiff never received training from the management team.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding whether Plaintiff should have been provided with an annual evaluation in January 2018.  The remainder of the paragraph contains statements of law that require no response.  To the extent that the remainder of the paragraph can be construed to assert any additional allegation of fact, it is denied.

50. In response to **Paragraph 50** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff was a Bargaining Unit (BU) employee as defined in the Negotiated Agreement between the IRS and the National Treasury Employees Union

(NTEU).   Plaintiff was hired as a seasonal employee, and signed a Seasonal Work Agreement prior to the final offer of employment.  The Seasonal Work Agreement lists the expected season of work, but does not guarantee that work will be available, nor does it guarantee that the employee will be retained.  Further allegations are denied.

51.   The allegations contained in **Paragraph 51** of the Amended Complaint/Amendment to Complaint are denied.

52.   In response to **Paragraph 52** of the Amended Complaint/Amendment to Complaint, Defendants admit that Article 12, Section 4 of the 2016 Negotiated Agreement between the IRS and the National Treasury Employees Union sets out how the date of an employee's evaluation is determined.   Defendants admit that Plaintiff did not receive an annual evaluation in January 2018.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding whether Plaintiff should have been provided with an annual evaluation in January 2018.

53.   In response to **Paragraph 53** of the Amended Complaint/Amendment to Complaint, Defendants admit that Article 12, Section 3 of the 2016 Negotiated Agreement between the IRS and the National Treasury Employees Union and 5 U.S.C. § 4302 require that critical job elements be issued to employees.  5 U.S.C. § 9508 explains the requirement for a retention standard for IRS employees.  Further allegations are denied.

54.   In response to **Paragraph 54** of the Amended Complaint/Amendment to Complaint, Defendants admit that discrimination against probationary employees is prohibited. Further allegations are denied.

55.   In response to **Paragraph 55** of the Amended Complaint/Amendment to Complaint, Defendants admit that during Plaintiff's EEO counseling in Case No. IRS-18-0237, she

claimed that a manager watched her and that made her feel sexually harassed.  Plaintiff, however, did not raise this issue when she filed her formal complaint in Case No. IRS-18-0237 so this issue has been waived and is not properly before the Court.  Defendants admit that Plaintiff has alleged that she was discriminated against on the basis of disability and for requesting reasonable accommodations.

56.     The allegations contained in **Paragraph 56** of the Amended Complaint/Amendment to Complaint are denied.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in **Paragraph 57** of the Amended Complaint/Amendment to Complaint regarding whether Plaintiff wore a brace to work and whether she was limited and/or slowed in certain functions.  Defendants admit that it is unlawful to discriminate against someone on the basis of disability, but deny that Plaintiff was discriminated against on the basis of disability.  The remainder of the paragraph contains statements of law that require no response.  To the extent that the remainder of the paragraph can be construed to assert any additional allegation of fact, it is denied.

58.     In response to **Paragraph 58** of the Amended Complaint/Amendment to Complaint, Defendants deny that Plaintiff was terminated due to the failures of management; rather, Plaintiff was terminated due to her misconduct.

59.     The allegations contained in **Paragraph 59** of the Amended Complaint/Amendment to Complaint are denied.

60.     The allegations contained in **Paragraph 60** of the Amended Complaint/Amendment to Complaint are denied.

61.    In response to **Paragraph 61** of the Amended Complaint/Amendment to Complaint, Defendants admit that the Failure to Follow Instructions/Directives Memorandum dated February 22, 2018 related to Plaintiff's failure to report to Sirina Wilkins for filing as directed.  Further allegations are denied.

62.    **Paragraph 62** of the Amended Complaint/Amendment to Complaint contains statements of law that require no response.  To the extent that the paragraph can be construed to assert any allegation of fact, it is denied.

63.    In response to **Paragraph 63** of the Amended Complaint/Amendment to Complaint, Defendants admit that according to the EEO counseling report signed by counselor Aurora Lara on March 6, 2018, mediation was held in Case No. IRS-18-0237 and that there was no resolution.

64.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in **Paragraph 64** of the Amended Complaint/Amendment to Complaint.

65.    In response to **Paragraph 65** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff's employment was terminated on March 12, 2018 and that Plaintiff appealed the Final Agency Decision in Case No. IRS-18-0237 to the EEOC where it was assigned Appeal No. 0120181526.

66.    In response to **Paragraph 66** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff is a veteran with disabilities, but deny that she was denied any accommodations.

67.    The allegations contained in **Paragraph 67** of the Amended Complaint/Amendment to Complaint are denied.

68.     In response to **Paragraph 68** of the Amended Complaint/Amendment to Complaint, Defendants admit that Plaintiff filed two previous formal administrative complaints, Case Nos. IRS-18-0237 and IRS-18-0410, and one claim was resolved informally in Case No. IRS-17-0757.  Further allegations are denied.

69.     **Paragraph 69** of the Amended Complaint/Amendment to Complaint contains statements of law that require no response.  To the extent that the paragraph can be construed to assert any allegation of fact, it is denied.

70.     **Paragraph 70** of the Amended Complaint/Amendment to Complaint contains statements of law that require no response.  To the extent that the paragraph can be construed to assert any allegation of fact, it is denied.

71.     **Paragraph 71** of the Amended Complaint/Amendment to Complaint contains statements of law that require no response.  To the extent that the paragraph can be construed to assert any allegation of fact, it is denied.

## IV. RESPONSE TO PRAYER FOR RELIEF

72.     Defendants deny that Plaintiff is entitled to the relief requested in **Paragraphs 1-7 of the Prayer for Relief** in the Amended Complaint/Amendment to Complaint or any relief in this action.

## V. RESPONSE TO CONCLUSION

73.     In response to Plaintiff's unnumbered paragraphs in the Conclusion of the Amended Complaint/Amendment to Complaint, Defendants deny that a continuance should be granted.  On July 17, 2019, the EEOC entered an order dismissing the matter pending before the Commission in EEOC No. 490-2019-00087X (Agency No. IRS-18-0410) because, by filing the Complaint in the present action, Plaintiff unequivocally indicated her

intention to seek relief in federal district court.  The EEOC also ordered the Agency to issue a Final Agency Decision, which the Agency did on July 30, 2019, noting that it would fully implement the Administrative Judge's dismissal.  Defendants would also note that the Court has already denied Plaintiff's Motion for Appointment of Counsel.

74.     Having fully answered the allegations of Plaintiff's Amended Complaint/Amendment to Complaint, any allegation not previously admitted or denied is hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     The Agency head, in his official capacity, is the only proper defendant for employment discrimination claims under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973.

2.     Plaintiff's Amended Complaint/Amendment to Complaint fail to state a claim upon which relief can be granted.

3.     Plaintiff has failed to administratively exhaust certain of her claims.

4.     Some of Plaintiff's claims are barred by the applicable statute of limitations.

5.     Upon information and belief, Plaintiff has failed to mitigate her damages.

6.     Defendants' actions were based on legitimate factors, and were not based on discriminatory, retaliatory, or other unlawful motives.

7.     This action or any relief sought by Plaintiff is barred, in whole or in part, because the Defendants may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendants reserve the right to supplement the foregoing and to raise

additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendants respectfully request that the Amended Complaint/Amendment to Complaint be dismissed in its entirety and the Defendant be granted such other and further relief as is deemed just and proper.

Respectfully submitted,

D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

By: /s/ M. Jason Martin
M. Jason Martin (TN #27404)
Monica M. Simmons-Jones (TN #18892)
ASSISTANT UNITED STATES ATTORNEYS
UNITED STATES ATTORNEY'S OFFICE
WESTERN DISTRICT OF TENNESSEE
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
jason.martin3@usdoj.gov
monica.simmons@usdoj.gov

## CERTIFICATE OF SERVICE

I, M. Jason Martin, Assistant United States Attorney for the Western District of Tennessee, certify that the foregoing was filed via the Court's CM/ECF system and thereby served on Plaintiff, Teresa Young, this 12th day of September 2019.

/s/ M. Jason Martin
M. Jason Martin
ASSISTANT UNITED STATES ATTORNEY