# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TERESA YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:19-cv-02384-TLP-dkv |
| v. | ) |
| | ) |
| DEPARTMENT OF THE TREASURY, | ) |
| IRS, and STEVEN T. MNUCHIN, | ) |
| SECRETARY, | ) |
| | ) |
| Defendants. | ) |

## ORDER AFFIRMING THE ORDER OF THE CHIEF MAGISTRATE JUDGE AND DENYING PLAINTIFF'S REQUEST TO BE ASSIGNED A NEW MEDIATOR

Pro se Plaintiff, Teresa Young, was not happy with the mediator assigned to try to resolve this case. After the case did not settle, she asked the court to appoint a different mediator. (ECF No. 48.) The Chief Magistrate Judge considered Young's request and denied it. (ECF No. 50.) Young now appeals that order. (ECF No. 52.) For the reasons below, the Court **AFFIRMS** the Order of the Chief Magistrate Judge and **DENIES** Plaintiff's request to assign a new mediator. The Court also **DENIES** Plaintiff's request to receive a specific date and time for mediation. Finally, the Court **CERTIFIES** that any interlocutory appeal of this order would not be taken in good faith and **DENIES** any motion for leave to appeal in forma pauperis.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), the Court may designate a magistrate judge to hear and determine any pretrial matter. The Court may reconsider a pretrial determination made by a

magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

**DISCUSSION**

I. **Plaintiff's Request for a New Mediator**

The Chief Magistrate Judge appointed Jerry Potter, a highly regarded and experienced mediator, to serve as the mediator[1] here under § 6 of the United States District Court for the Western District of Tennessee Mediation Plan for Pro Se Civil Cases with Parties Granted In Forma Pauperis Status ("Pro Se IFP Mediation Plan").[2] Plaintiff requested that the Court appoint a new mediator (ECF No. 48), which the Chief Magistrate Judge denied (ECF No. 50). Plaintiff appealed that Order to this Court, stating as grounds that the currently assigned mediator does not have expertise in the subject matter of her case. (ECF No. 52 at PageID 390.)

The Court agrees with the Chief Magistrate Judge's Order denying Plaintiff's request that the Court assign a new mediator. Section 7 of the Court's Pro Se IFP Mediation Plan provides that assigned mediators "may be disqualified for bias and prejudice in regard to issues and/or parties in a case." It also provides:

> [A]ny party who believes that the assigned Mediator has a conflict of interest or exhibits bias or prejudice in a case may file a motion requesting removal of the Mediator. . . . This motion . . . must contain adequate documentation describing the alleged conflict of interest or exhibited bias or prejudice.

§ 7, Pro Se IFP Mediation Plan.

---

[1] Section 5.2 of the Plan for Alternate Dispute Resolution in the United States District Court for the Western District of Tennessee ("ADR Plan") effective March 1, 2014, as revised April 1, 2016 specifies the qualifications of mediators in this court. The Court's ADR Plan can be found here: https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

[2] The IFP Mediation Plan, effective September 1, 2014, revised November 2018, can be found here: https://www.tnwd.uscourts.gov/pdf/content/ProSeIFPCivilCaseMediationPlan.pdf.

Plaintiff alleges no bias or prejudice by Jerry Potter that would justify his removal as the mediator here. Plaintiff merely states that his self-reported areas of expertise do not align with the subject matter of her case. (ECF No. 52 at PageID 390.) Potter is a qualified mediator under § 5.2 of the ADR Plan, and the Magistrate Court properly appointed him from the Court's Mediation Panel under § 6 of the Pro Se IFP Mediation Plan. Attorneys and mediators handle varied cases involving many different subject areas and there is no reason to believe Potter cannot mediate this employment and disability discrimination case effectively. Plaintiff's allegations that Potter does not have the requisite knowledge to conduct mediation here are unfounded. Plaintiff has therefore failed to state sufficient grounds to recuse Jerry Potter as the mediator here.

## II.     Plaintiff's Request for the Time of Mediation

Plaintiff also "seeks to be informed of the time for mediation as it was not included in the Mediation Memorandum." (ECF No. 52 at PageID 390.) The Magistrate Court here ordered that the mediation take place "on or before December 17, 2019." (ECF No. 44 at PageID 358 (emphasis in original).) By providing a deadline several weeks in the future, the Chief Magistrate Judge gave the parties reasonable time to place the mediation on their schedules. This is a reasonable approach, so long as the deadline complies with the Scheduling Order. (ECF No. 43.) It is the parties' responsibility to confer with each other and the mediator to find a mutually agreeable date for mediation. § 5.5, ADR Plan.

## III.    Appellate Issues

Under Federal Rule of Appellate Procedure 24(a), a non-prisoner desiring to proceed in forma pauperis on appeal must obtain pauper status. *See Swain v. Save a Lot Corp.*, No. 16-2008-JDT-dkv, 2016 WL 429801 at *1 (W.D. Tenn. Feb. 3, 2016) (citing *Callihan v. Schneider*,

178 F.3d 800, 803–04 (6th Cir. 1999)). Even so, Rule 24(a)(3) provides that if a party could proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the Court denies pauper status on appeal, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* This Order is not final and does not meet the criteria for interlocutory appeals under 28 U.S.C. § 1292. Appeal would therefore be frivolous.

The Court **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that Plaintiff's interlocutory appeal here is not in good faith. Any motion for leave to appeal in forma pauperis is therefore **DENIED**. As a result, if Plaintiff wishes to file an interlocutory appeal of this order, she must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals.

## **CONCLUSION**

The Court therefore does not find the Chief Magistrate Judge's determination clearly erroneous or contrary to law. The Court therefore **AFFIRMS** the Order of the Chief Magistrate Judge (ECF No. 50) and **DENIES** Plaintiff's request to appoint a new mediator (ECF No. 48). The Court also **DENIES** Plaintiff's request to receive a specific date and time for mediation.

The Court further **CERTIFIES** that any interlocutory appeal of this order would not be taken in good faith and **DENIES** any motion for leave to appeal in forma pauperis.

4

**SO ORDERED**, this 1st day of November, 2019.

              s/Thomas L. Parker
              THOMAS L. PARKER
              UNITED STATES DISTRICT JUDGE