# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TERESA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02384-TLP-dkv |
| v. ) | |
| ) | |
| DEPARTMENT OF THE TREASURY, ) | |
| IRS, and STEVEN T. MNUCHIN, ) | |
| SECRETARY, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Pro se Plaintiff, Teresa Young, moves the Court to reconsider its order denying her motion for a new mediator based on new events arising after the Court's initial order. (ECF No. 56.) The Court held a status conference on December 10, 2019, to address the motion. (ECF No. 63.) Plaintiff and counsel for the Defendants were present at the status conference and Jerry Potter, the court-appointed mediator, appeared by telephone. For the reasons stated below and for the reasons stated in open court, the Court **DENIES** Plaintiff's motion to reconsider.

## LEGAL STANDARD

The Sixth Circuit treats a motion for reconsideration as a motion to alter or amend the judgment in districts that do not have local rules on such a motion. *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) ("Treating a motion for reconsideration as a motion to alter or amend the judgment makes sense when a party files a document titled 'Motion for Reconsideration' in a district that does not have a local rule providing for such a motion."). A district court may grant a motion for reconsideration or a motion to alter or amend a judgment

only when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2005).

## **DISCUSSION**

Plaintiff argues that several incidents with Potter show that he is biased or prejudiced against her. So she argues the Court should disqualify or replace Potter as the mediator. The Court takes each alleged incident in turn to determine whether these new incidents justify the Court reconsidering its previous order.

First, Plaintiff claims that Potter and his assistant have blocked her from communicating with them by email. (ECF No. 56 at PageID 405.) But this appears to have been a miscommunication between Plaintiff and Potter. During the conference, Potter informed the Court that neither he nor his assistant have ever blocked Plaintiff—or any other person for that matter—from emailing them. He also stated that he has never had any issues communicating with Plaintiff. And although Plaintiff's emails to Potter came back to her, Plaintiff mailed her supporting documentation to Potter's office by certified mail, which Potter both received and reviewed in preparation for the mediation.

Potter also informed the Court, and Plaintiff confirmed, that they have been able to communicate by email in the time since she filed this motion. As a result, Plaintiff's motion to reconsider the Court's previous order and disqualify Potter for bias on this ground is **DENIED** as moot.

Plaintiff next alleges that Potter scheduled mediation without confirming that the time was agreeable to both Plaintiff and her non-attorney support person. (ECF No. 56 at PageID 404.) At the status conference, Potter stated that he originally scheduled the mediation for

Friday, December 13, 2019, at 9:30 a.m., but that he rescheduled it for 10:30 a.m. that same day to accommodate Plaintiff's requested start time. Plaintiff acknowledged that Potter had informed her of the rescheduled time and that she agreed to this date and time. Plaintiff's motion to disqualify Potter on this ground is therefore **DENIED** as moot.

Finally, during the status conference, Plaintiff alleged that Potter failed to hold a telephone conference with her, as required by Chief Magistrate Judge Vescovo's order referring the case to mediation. (ECF No. 44 at PageID 358.) From the information elicited during the conference, Potter and Plaintiff suffered from miscommunications about her desire to and their availability to hold a pre-mediation telephone conference. Potter stated that he was willing to conduct the telephone conference on December 11, 2019 at 10:00 a.m., to which Plaintiff agreed. Plaintiff's motion to disqualify Potter on this ground is therefore **DENIED**.

## CONCLUSION

For all these reasons, and for all other reasons stated in open court, this Court **DENIES** Plaintiff's motion for reconsideration on the Court's order denying her motion to disqualify Potter as the mediator assigned to her case.

**SO ORDERED**, this 11th day of December, 2019.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE