# UNITED STATES OF AMERICA DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION AT MEMPHIS

Young

Donella D. (pseudonym), Plaintiff

vs

DEPARTMENT OF THE TREASURY, IRS
Steven T. Mnuchen, Secretary,
Agency. AND any currently unknown but future-known insurance provider
Defense

DOCKET NUMBER:
2:19-cv-02384-TLP-dkv

DATE: January 08, 2020

**PLAINTIFF'S RESPONSE TO THE 'DEFENDANTS' RESPONSE TO PLAINTIFF'S APPEAL OF ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR ENTRY OF DEFAULT JUDGMENT'**

TO THE HONORABLE CHANCELLORS AND/OR MAGISTRATES OF THE UNITED STATES OF AMERICA DISTRICT COURT IN TENNESSEE FOR THE WESTERN DISTRICT AT MEMPHIS

### I.   JURISDICTION AND PARTIES

Pursuant to Federal Rules of Civil Procedure, Plaintiff enters a motion **PLAINTIFF'S**

**RESPONSE TO THE 'DEFENDANTS' RESPONSE TO PLAINTIFF'S**

**APPEAL OF ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND**

**REQUEST FOR ENTRY OF DEFAULT JUDGMENT.'**

This matter referencing an earlier filed appeal is before the HONORABLE **JUDGE TL**

**PARKER** OF THE UNITED STATES OF AMERICA DISTRICT COURT IN TENNESSEE

FOR THE WESTERN DISTRICT AT MEMPHIS.

**COMESNOW**, the Plaintiff respectfully requests that this motion be granted and this

Court/Judge/ and/or Chief Magistrate enter an order

Page 1 of 6

(1.) Reversing the order signed by Judge Diane K. Vescovo 27 December 2019, and

(2.) Granting leave for the Plaintiff to receive **ANY AND ALL** relief sought as contained in the Plaintiff's Request for Entry of Default Judgment, **PLAINTIFF's REVISED REQUEST FOR ENTRY OF DEFAULT JUDGMENT, PLAINTIFF'S RESPONSE TO AND APPEAL OF DENIAL OF MOTION FOR DEFAULT JUDGEMENT**, and **PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT.**

## II.   ARGUMENT

(3.) The Defense finally provided the Court with a docketed defense against the Plaintiff request for Default Judgment on 7 January 2020. It is rife with dates and names of motions filed by the Plaintiff and docketed in court. It lacks substance and merit.

(4.) With reference to any and all 'local rules:' a '*proposed*' outcome-sought should state/bear such nomenclature as 'Proposed' in its title and the progenitor of such a '*proposed*' document should state **its origin** such as "**The Defense's** Proposed…" on such a proposed document.

(5.) **All** alleged proposals emailed to the judges of THE UNITED STATES OF AMERICA DISTRICT COURT IN TENNESSEE FOR THE WESTERN DISTRICT AT MEMPHIS to include Judge Thomas Parker and Judge Diane K. Vescovo by **the Defense FAILED** to bear any verbiage as to the nature of its true origins.

   a. The email that bore a 'judicial order' as its attachment sent to Judge Parker by **the Defense** dated 7 January 2020 **FAILED** to indicate that it was the the Defense that created 'judicial' order.

b. The multiple emails that bore a 'judicial order' as its attachment sent to Judge Diane K. Vescovo as documents and previously filed by the Plaintiff, **FAILED** to indicate that it was the the Defense that created the 'judicial' order.

c. The emails that that bore a 'judicial order' as its attachment sent to Judge Parker and Judge Vescovo bore their names on it, not that of the Defense.

d. The failure of the Defense to include the words, 'Proposed,' and 'The Defense's Proposed…' lends itself to fraud, impersonating a judge through electronic transmittal, and **OBSTRUCTION OF JUSTICE:** <u>18 U.S.C. § 1503</u> defines "obstruction of justice" as an act that "corruptly or by threats or force, or by any threatening letter or communication, **influences,** obstructs, or impedes, or **endeavors to influence, <u>obstruct, or impede, the due administration of justice.</u>**"

(6.) The Defense seeks to usurp the procedural civil response mechanism inplaced by refusing to issue a response to the motions/pleadings regarding default judgment submitted by the Plaintiff by contacting the judge 'DIRECTLY' to not provide an argument, but a decision that it created and desired to occur.

a. <u>The Defense provides 'DECISIONS' to the judges **not** proposals</u> to the judges that he communicates with via email as proven with Judge Vescovo and Judge Parker.

(7.) The Defense also fails to disclose the name, identity, and location of an alleged '*dial-a-counsel*' that allegedly assisted the Defense during the Mediation of 13 Dec 2019.

a. The Defense fails to provide any **'NOTICE/ENTRY' of Appearance** as required by Federal Rules of Civil Procedure **for such 'dial-a-counsel'** as Defense stated assisted him during mediation. The Court does not know whether this dial-a-counsel is an actual person or an *imaginary friend of the Defense.*

## III. PRAYER OF RELIEF

1. Sanction the Defense **for knowingly and willfully committing not only once but thrice, violations of 18 U.S.C. § 1503** "obstruction of justice" to "corruptly…by letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

2. Grant the Plaintiff to receive ANY AND ALL relief sought as contained in the Plaintiff's Request for Entry of Default Judgment, **PLAINTIFF's REVISED REQUEST FOR ENTRY OF DEFAULT JUDGMENT, PLAINTIFF'S RESPONSE TO AND APPEAL OF DENIAL OF MOTION FOR DEFAULT JUDGEMENT,** and **PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT.**

## IV. CONCLUSION

For the foregoing reasons, this court must not appear that the judges of this Court are biased against the Plaintiff, gullible to the Defense, and easily coerced as through the methods sought by the Defense. The Defense creates documents that in name nor character indicate that it is proposed. They are decisions. Through the Defense's actions and tactics, it deems the judges of THE UNITED STATES OF AMERICA DISTRICT COURT IN TENNESSEE FOR THE WESTERN DISTRICT AT MEMPHIS as inept in their duties as well as decision-making skills.

Plaintiff requests that the Court grant her ANY AND ALL relief sought as contained in the Plaintiff's Request for Entry of Default Judgment, **PLAINTIFF's REVISED REQUEST FOR ENTRY OF DEFAULT JUDGMENT, PLAINTIFF'S RESPONSE TO AND APPEAL OF DENIAL OF MOTION FOR DEFAULT JUDGEMENT,** and **PLAINTIFF'S MOTION FOR**

and/or Monica Simmons, esq.
Dept. of Justice
167 North Main Suite 800
Memphis, TN 38103

Respectfully submitted this 8th day of January 2020

*[signature]*

Donella D., Plaintiff

## Exhibits

## Exhibits

### Young v. Dep't of Treasury, et al.; Case No. 2:19-cv-02384-TLP-dkv



Martin, Jason (USATNW) 4 <Jason.Martin3@usdoj.gov>
Tue 1/7/2020 3:41 PM
You; ECF_Judge_Parker@tnwd.uscourts.gov



Order Affirming Denial of Mo...
33 KB

Judge Parker,

Attached is a proposed Order Affirming Denial of Motion for Default Judgment and Request for Entry of Default Judgment.

M. Jason Martin
Assistant United States Attorney
United States Attorney's Office
Western District of Tennessee
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
jason.martin3@usdoj.gov

*Exhibit 4* *attached to email sent by the Defense to Judge Parker*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TERESA YOUNG,**

    **Plaintiff,**

v.                                          Case No. 2:19-cv-02384-TLP-dkv

**DEPARTMENT OF THE TREASURY;**
**IRS; AND STEVEN T. MNUCHIN, UNITED**
**STATES SECRETARY OF THE TREASURY,**

    **Defendants.**

## ORDER AFFIRMING DENIAL OF MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is Plaintiff's Appeal of Order Denying Motion for Default Judgment and Request for Entry of Default Judgment (ECF No. 85). The Defendants filed a response on January 7, 2020 (ECF No. 90).

Plaintiff filed her first Motion for Default Judgment on December 19, 2019 (ECF No. 70). That motion was denied by the Clerk on December 20, 2019 because Plaintiff had not requested a default as required by Rule 55 (ECF No. 71).

Plaintiff then filed what was styled as a "Response to and Appeal of Denial of Motion for Default Judgment" (ECF No. 76) and a "Request for Entry of Default Judgment" (ECF No. 77). The Defendants filed a response to those motions on December 26, 2019 (ECF No. 79).

On December 27, 2019, Chief United States Magistrate Judge Diane K. Vescovo entered an Order Denying Plaintiff's Appeal of Denial of Motion for Default Judgment and Request for

Entry of Default Judgment (ECF No. 83). The Order entered by Judge Vescovo stated in pertinent part as follows:

> [T]here is no basis for the entry of a default. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In this case, the Defendants timely filed an Answer to Plaintiff's Complaint, (ECF No. 14) and an Answer to Plaintiff's Amended Complaint/Amendment to Complaint (ECF No. 30). Thus, there is no basis for the entry of a default under Rule 55(a).
>
> Further, Plaintiff argues that a default judgment should be entered because the Defendants allegedly failed to comply with the initial disclosure requirement of Rule 26(a)(1)(A)(iv) and failed to have a person with the requisite authority present at mediation. These are not proper bases for the entry of a default under Rule 55.

This is the Order that Plaintiff now appeals to the District Judge.

In this appeal, Plaintiff alleges that the Defendants failed to have someone with the requisite authority attend mediation, and Plaintiff accuses defense counsel of obstructing justice by sending proposed orders to Judge Vescovo's ECF mailbox.

The bases that Plaintiff relies on to support a default judgment are not proper bases for the entry of a default under Rule 55. As set forth in the Order entered by Judge Vescovo, Rule 55(a) provides for the entry of a default when a defendant "has failed to plead or otherwise defend." In this case, the Defendants have timely filed their responsive pleadings. Therefore, there is no basis for the entry of a default against the Defendants. Moreover, rather than constituting obstruction of justice, the submission of proposed orders to Judge Vescovo's ECF mailbox is a requirement of Local Rule 7.2.

Plaintiff also argues that the Order entered by Judge Vescovo should be reversed on due process grounds because the Order was entered without giving Plaintiff 14 days to file a reply to the Defendants' response to "Plaintiff's Motion Against the Illegal and Unethical Tactics of the


Defense and Appeal of any Denial of Request for Entry of Default Judgment [if it Exists]" (ECF No. 80). Local Rule 7.2(c) requires that a party seek leave to file a reply to a response to all motions except motions to dismiss and motions for summary judgment. Therefore, Plaintiff's argument is without merit.

Under 28 U.S.C. § 636(b)(1)(A), the Court may designate a magistrate judge to hear and determine most pretrial matters. The Court may reconsider a pretrial determination made by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As set forth herein, Judge Vescovo's Order is not clearly erroneous or contrary to law and is AFFIRMED.

IT IS SO ORDERED this ____ day of January, 2020.

 

_____
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

**DEFAULT JUDGEMENT** and sanction the Defense for knowingly and willfully committing multiple **Violations of 18 U.S.C. § 1503** "obstruction of justice" to "corruptly…by letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice." **WHEREFORE**, the Plaintiff respectfully submits that Judge's Vescovo's order of 27 Dec 2019 be reversed and **all** of Plaintiff's motions for Default Judgment be honored.

Respectfully submitted this 8th day of January 2020.

BY: _____
Donella D., Plaintiff

## CERTIFICATE OF SERVICE

I, *Donella D.* (psuedonym), Plaintiff, in Docketed Case number 2:19-cv-02384-TLP-dkv certify that

**PLAINTIFF'S RESPONSE TO THE 'DEFENDANTS' RESPONSE TO PLAINTIFF'S APPEAL OF ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR ENTRY OF DEFAULT JUDGMENT'**

have been filed with the UNITED STATES OF AMERICA DISTRICT COURT WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION AT MEMPHIS

and THUS SERVED ONTO THE FOLLOWING PERSONNEL:

UNITED STATES OF AMERICA DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Federal Building
**167 North Main Street, 2nd Floor Court Clerk's Office**
Memphis, TN 38103

and

Jason Martin, esq.