# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TERESA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02384-TLP-dkv |
| v. | ) | |
| | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| IRS, and STEVEN T. MNUCHIN, | ) | |
| SECRETARY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Pro se Plaintiff, Teresa Young, moved for a default judgment against Defendants, the Department of the Treasury, the Internal Revenue Service, and Steven T. Mnuchin, Secretary of the Treasury. (ECF No. 77.) Plaintiff also revised her motion for a default judgment. (ECF No. 82.) The Chief Magistrate Judge considered that motion and denied it. (ECF No. 83.) Plaintiff now appeals that order. (ECF No. 85.) For the reasons below, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** the order of the Chief Magistrate Judge (ECF No. 83), and **DENIES** both of Plaintiff's requests for a default judgment (ECF Nos. 77 & 82). The Court also **CERTIFIES** that any interlocutory appeal of this order would not be taken in good faith and **DENIES** any motion for leave to appeal in forma pauperis.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), the Court may designate a magistrate judge to hear and determine any pretrial matter. The Court may reconsider a pretrial determination made by a

magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

### I. Improper Ex Parte Communication

At the outset, the Court wants to address ex parte, one-sided communications by Plaintiff. Local Rule 83.6 prohibits ex parte communications with a judge, law clerks, or supporting personnel about a pending matter.  To prevent ex parte communication, all communications with the Court—even proposed orders—should include all parties to the lawsuit by sending copies of the communication to them.

Early this year, Plaintiff emailed directly to the Court a reply to Defendants' response to this motion.  Again, on January 16, 2020, Plaintiff emailed directly to the Court another reply to this motion, a motion to strike, and a scheduling order appeal.  Plaintiff neither docketed these documents with the Clerk of Court, nor copied defense counsel on the email communications with the Court.  This Court therefore warns Plaintiff not to communicate about a pending matter directly with the Court or court personnel by letters, emails, phone calls, or otherwise.[1]  All communications here should be filed with the Clerk and docketed in accordance with the Local Rules.  The Court will not consider undocketed documents or improper ex parte communications.

### II. Motions for Default Judgment

In denying Plaintiff's motion for entry of default, the Chief Magistrate Judge reasoned:

[T]here is no basis for the entry of a default.  Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead

---

[1] If either party seeks to send an email to the Court, they should do so for the sole purpose of submitting a proposed order.  Of course, when submitting a proposed order properly by email, one is to copy all other parties or representatives.

2

> or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In this case, the Defendants timely filed an Answer to Plaintiff's Complaint, (ECF No. 14) and an Answer to Plaintiff's Amended Complaint/Amendment to Complaint (ECF No. 30). Thus, there is no basis for the entry of a default under Rule 55(a).

(ECF No. 83 at PageID 497.) There has been no default here, as Defendants have both responded timely to Plaintiff's claims. In fact, Defendants have timely defended themselves against Plaintiff's claims. So having reviewed the pleadings applicable to this appeal, this Court finds no reason to disturb the Chief Magistrate Judge's order because it is neither clearly erroneous nor contrary to law.

Instead, Plaintiff asks the Court to reverse the order of the Chief Magistrate Judge and grant her motions for default judgment for three reasons unrelated to those grounds laid out in Federal Rule of Civil Procedure 55. The Court takes each argument in turn below.

### III. Plaintiff's Objections to the Chief Magistrate Judge's Order

First, Plaintiff argues that the Chief Magistrate Judge denied her due process by failing to allow her 14 days to reply to Defendants' response in opposition to her motion for default judgment. (ECF No. 85 at PageID 503.) But Plaintiff's argument is unavailing. Local Rule 7.2(c) provides that reply memoranda may be filed "*only upon court order granting motion for leave to reply,*" except motions under Rule 12.1(c) or 56.1(c). L.R. 7.2(c) (emphasis added). Plaintiff's motion for default judgment does not fall under one of the exceptions to the general rule that a party must obtain court approval to reply. There is therefore no occasion to reverse the decision of the Chief Magistrate Judge because Plaintiff did not have permission to file a reply.

Next, Plaintiff argues that Defendants have engaged in illegal tactics, such as coercion and obstruction of justice. Among her claims, Plaintiff argues that when Defendant submits

proposed orders to the Chief Magistrate Judge, Defendant attempts to bypass the docketing system used for motions and responses, were attempts "coerce" the Chief Magistrate Judge with "prefabricated pleadings," and constitute fraud by distributing orders bearing the name and likeness of a court official. (ECF No. 85 at PageID 532–33, 536.)

Again, Plaintiff's arguments are unavailing. Proposed orders by parties filing motions are not only encouraged but, in fact, are required by the Local Rules of this Court. Local Rule 7.2(a)(1)(A) provides, "[a]ll motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 *shall be accompanied by a proposed order* in a word processing format sent to ECF mailbox only for presiding judge (do not send to regular email address)." L.R. 7.2(a)(1)(a) (emphasis added). So Defendants neither coerce nor obstruct justice by submitting proposed orders to the Court.

It is also standard practice for proposed orders to include a signature block and blank date for adoption by the judge before whom the related motion is pending. Signature blocks pose no danger of misleading persons reading them. A signature block is simply the text surrounding a signature, giving it context and providing additional information, such as a printed version of the person's name and their title. The signature block, without either a wet signature or an electronic signature on the blank, does not purport to be the signature of the person whose name appears under the blank. So Plaintiff's argument that Defendants have fraudulently distributed orders with the name and likeness of a court official lacks merit.

Finally, Plaintiff argues that she is entitled to a default judgment because Defendants failed to participate in mediation in good faith. She alleges Defendants' only representative present at mediation was their attorney, who had no personal knowledge about the facts and circumstances of the case and who had no authority to settle. (ECF No. 85 at PageID 535.)And

Plaintiff takes issue with the fact that a representative for the Treasury was only available by phone and did not attend in person. (*Id.* at PageID 534–35.)

While Plaintiff is correct that attendance of a person with knowledge and settlement authority is required in mediation sessions, Plaintiff's allegations do not hold water in the context of government entities. Under this District's Plan for Alternative Dispute Resolution ("ADR Plan"), special attendance rules apply to government entities because it is impractical for representatives of each agency to attend every mediation session because of the vast number of cases involving them. It is typical in these situations for the entity's attorney to possess the requisite knowledge and settlement authority. A government entity satisfies the personal attendance requirement

> if represented by one or more persons who have, to the greatest extent feasible, authority to settle, and who are knowledgeable about the facts of the case, the agency's or unit's position, and the procedures and policies under which the agency or unit decides whether to enter into proposed settlements.

§ 5.8(a)(2), ADR Plan. In response to Plaintiff's motion, defense counsel confirmed his knowledge and settlement authority, providing:

> Undersigned counsel attended mediation in person, and prior to mediation, undersigned counsel sought and obtained the necessary settlement authority from the United States Attorney and counsel from the Department of the Treasury. Therefore, when undersigned counsel attended mediation, he had authority to settle the case up to a pre-determined amount. This case did not fail to settle because of the lack of authority; rather, it failed to settle because the parties value the case so differently.
>
> Undersigned counsel's presence at the mediation also satisfied Rule 5.8's other requirements because he is knowledgeable about the facts of the case and the agency's position. In addition, during the mediation, an attorney with the Department of the Treasury was available by phone for questions.

(ECF No. 79 at PageID 479.) Plaintiff's contentions that Defendants did not participate in mediation in good faith are, therefore, unpersuasive.

5

In sum, none of Plaintiff's objections to the Chief Magistrate Judge's order entitle her to a default judgment under Federal Rule of Civil Procedure 55. For all the reasons above, the Court **OVERRULES** Plaintiff's objections.

IV. **Appellate Issues**

Under Federal Rule of Appellate Procedure 24(a), a non-prisoner desiring to proceed in forma pauperis on appeal must obtain pauper status. *See Swain v. Save a Lot Corp.*, No. 16-2008-JDT-dkv, 2016 WL 429801, at *1 (W.D. Tenn. Feb. 3, 2016) (citing *Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999)). Even so, Rule 24(a)(3) provides that if a party could proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the Court denies pauper status on appeal, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* This order is not final[2] and does not meet the criteria for interlocutory appeals under 28 U.S.C. § 1292. Appeal would therefore be frivolous.

The Court **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that Plaintiff's interlocutory appeal here would not be taken in good faith. Any motion for leave to appeal in forma pauperis is therefore **DENIED**. As a result, if Plaintiff wishes to file an interlocutory

---

[2] A final order is one that disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

appeal of this order, she must pay the full $505 appellate filing fee or move to proceed in forma pauperis and file the supporting affidavit in the Sixth Circuit Court of Appeals.

## **CONCLUSION**

For all these reasons, this Court **OVERRULES** Plaintiff's objections, **AFFIRMS** the order of the Chief Magistrate Judge (ECF No. 83), **DENIES** both of Plaintiff's requests for a default judgment (ECF No. 77 & 82), **CERTIFIES** that any interlocutory appeal of this order would not be taken in good faith, and **DENIES** any motion for leave to appeal in forma pauperis.

**SO ORDERED**, this 21st day of January, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE