# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| TERESA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02384-TLP-tmp |
| v. | ) | |
| | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| IRS, STEVEN T. MNUCHIN, and ANY | ) | |
| CURRENTLY UNKNOWN BUT | ) | |
| FUTURE-KNOWN INSURANCE | ) | |
| PROVIDER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' partial motion to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 175.)  Plaintiff timely objected to the R&R.  (ECF No. 186.)  And Defendants responded to Plaintiff's objections.  (ECF No. 188.)  For the reasons below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.  The Court therefore **GRANTS** Defendants' partial motion to dismiss (ECF No. 113) and **DISMISSES WITH PREJUDICE** Plaintiff's claims:  (1) that Defendants forced her to sit in a non-work ready, unaccommodated cubicle; (2) that she received improper write ups; (3) for sexual harassment; (4) for failure to train (5) for verbal harassment; (6) that she did not receive advanced written notice of her termination or a chance to respond; (7) that Defendants failed to give her an annual evaluation and critical job evaluation checklist; and (8) her challenge to the legality of her managers' positions.

The Court also **DISMISSES WITH PREJUDICE** the IRS and the Department of the Treasury as parties here.

## BACKGROUND

This case arises from Plaintiff's employment as an office automation clerk at the Department of Treasury.  Plaintiff contends that she suffered many instances of discrimination, retaliation, harassment stemming from her attempts to receive reasonable accommodations for her disabilities.  Plaintiff was hired in December 2016 and began working in March 2017.  (ECF No. 97 at PageID 589.)

Plaintiff has multiple disabilities:  carpal tunnel, asthma, chronic sinusitis, bronchitis, allergies, and a stress disorder.  (*Id.* at PageID 590, 595.)  Plaintiff alleges that her coworkers and supervisors intentionally placed her in a cubicle with a smoker, and improperly denied her reasonable accommodations despite her efforts.  (*Id.* at PageID 590.)  Plaintiff made multiple accommodation requests, which were denied, including changing cubicles or being reassigned to the night or swing shifts.  (*Id.*)  Plaintiff alleges that Defendants forced her to set in an "unaccommodated location" with a non-operable computer, locked cabinets, and a one-armed chair.  (*Id.* at PageID 590–91.)

So Plaintiff filed internal EEO complaints.  (*Id.* at PageID 590.)  Plaintiff alleges that Defendants immediately retaliated against her protected activities by harassing her, failing to accommodate her, and furloughing her in the winter of 2017.  (*Id.* at PageID 590, 596.)  She claims that these actions were all intentional, meant to aggravate her medical conditions.  (*Id.* at PageID 596.)

Plaintiff also alleges several other discriminatory incidents.  She claims that Defendants allowed a non-veteran employee to fill one of the five clerk positions reserved for veterans.  (*Id.*

2

at PageID 590.)  Plaintiff contends that Defendants illegally placed certain managers in their positions.  (*Id.* at PageID 595.)  She also alleges that she applied for and was denied positions because of Defendants' willful obstruction of her employment opportunities.  (*Id.* at PageID 591.)  And Plaintiff alleges that Defendants discriminated against her because she failed to receive an annual evaluation and critical job evaluation checklist in January 2018.  (*Id.* 594–95.)

Eventually, Plaintiff alleges she was terminated in retaliation for her EO complaints.  (*Id.* at PageID 590.)  Plaintiff's termination letter provides that she was terminated after two write-ups, but Plaintiff contends that Defendants issued those write-ups directly relating to her requests for reasonable accommodations.  (*Id.* at PageID 591–92.)  Plaintiff also refers, in passing, to sexual harassment and marital status discrimination.  (*Id.* at PageID 592, 595.)

So Plaintiff sued in June 2019.  (ECF No. 1.)  The procedural history of this case is complex, but Plaintiff amended her complaint in January 2020 (ECF No. 97), at which point it became the operative pleading.  Defendants later moved to dismiss part of Plaintiff's complaint, arguing that the Court should dismiss nearly all of Plaintiff's claims because she failed to exhaust them during the administrative process and that Plaintiff lacks standing to enforce those claims.  (ECF No. 113.)[1]

The Magistrate Court then took the motion under advisement and issued a R&R, recommending that the Court grant Defendants' partial motion to dismiss.  (ECF No. 175.)  First, the Chief Magistrate Judge recommended dismissal of some of Plaintiff's claims which she

---

[1] Defendants did not move to dismiss Plaintiff's claims for disability discrimination and/or retaliation for engaging in prior protected EEO activity when she was (1) denied a transfer to the night shift, (2) not selected for various positions for which she applied, or (3) terminated.  (ECF No. 113 at PageID 703–04.)

raised in the Amended Complaint (ECF No. 97) and in her EEO counseling.  (ECF No. 175 at

PageID 1209–1212.)  This dismissal includes Plaintiff's allegations:

> that the Agency discriminated against her on the basis of disability and/or that she
> was subjected to retaliation when in January 2018, she was forced to sit in a non-
> work ready cubicle that did not accommodate her disabilities; she was written up
> in January and February 2018; she was sexually harassed by a manager; and she
> was not provided with any training from management were contained in her EEO
> counseling commenced on January 5, 2018.

(*Id.* at PageID 1211.)

Next, the Chief Magistrate Judge recommended the Court dismiss the claims in

Plaintiff's formal EEO complaint but which she failed to address in EEO Counseling for failure

to exhaust her administrative remedies.  (*Id.* at PageID 1213–1214.)  Those claims include

Plaintiff's allegations of verbal harassment and the alleged failure to provide advance written

notice of her termination or a chance to respond.  (*Id.* at PageID 1213.)  And the R&R

recommends dismissal of Plaintiff's untimely claim for failure to receive an annual evaluation

and critical job evaluation checklist because she failed to contact an EEO counselor within 45

days of the employment action.  (*Id.* at PageID 1214 (citing *Lord v. Holder*, 568 F. App'x 435,

437 (6th Cir. 2014)).)

The Chief Magistrate Judge also recommended that Plaintiff lacks standing to challenge

the positions of managers at the Treasury Department under 5 C.F.R. § 355.103.  (*Id.* at PageID

1218–20.)  And finally, the Chief Magistrate Judge recommends dismissal of the IRS and the

Department of the Treasury because the Secretary of the Treasury is the only proper defendant in

Title VII actions brought by federal employees.  (*Id.* at PageID 1220–22.)  All in all, the

Magistrate Court recommends dismissal of:

1)      the IRS as a party,

2)      the Department of the Treasury as a party,

3)      Plaintiff's claims that Defendants forced her to sit in a non-work ready, unaccommodated cubicle;

4)      Plaintiff's claim that she received improper write ups;

5)      Plaintiff's sexual harassment claims;

6)      Plaintiff's claim of failure to train;

7)      Plaintiff's verbal harassment claim;

8)      Plaintiff's claim that she did not receive advance written notice of her termination or a chance to respond;

9)      Plaintiff's claim for failure to receive an annual evaluation and critical job evaluation checklist; and

10)     Plaintiff's challenge of the legality of her managers' positions.

## ANALYSIS

The Court has to review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Plaintiff filed an "appeal" of the Chief Magistrate Judge's R&R, which the Court construes as an objection under Federal Rule of Civil Procedure 72(b)(2). Plaintiff's objection is short, simply restating the legal standard for motions to dismiss and arguing that the Chief

5

Magistrate Judge "presents **NO** judicial precedent to support her decision."  (ECF No. 186 at

PageID 1251 (emphasis in original).)

Plaintiff's objection is, at best, general and identifies no specific issues with the report.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific

objections and is tantamount to a complete failure to object."  *Slater v. Potter*, 28 F. App'x 512,

513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  Plaintiff is, in

effect, asking this Court to review de novo every matter involved in the R&R, without regard to

specific issues or concerns.  This is equivalent to a failure to object to the Chief Magistrate

Judge's R&R.[2]

The district court need not review de novo all aspects of an R&R when the party fails to

object properly to it.  To do so would duplicate the efforts of the Magistrate Court and render

such R&R useless.  *Hastings*, 2019 WL 3782198, at *1.  As a result, the Court finds Plaintiff has

not properly objected to the Magistrate Court's findings.  And because Plaintiff has failed to

object properly to the R&R, the Court need only satisfy itself that there is no clear error on the

face of the record to accept the recommendation.  Fed. R. Civ. P. 72(b) advisory committee

notes.  Having reviewed the R&R here, the Court finds no clear error on the face of the record.

## CONCLUSION

For all the above reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 186),

and **ADOPTS** the R&R (ECF No. 175).  The Court therefore **GRANTS** Defendants' partial

motion to dismiss (ECF No. 113) and **DISMISSES WITH PREJUDICE** Plaintiff's claims (1)

---

[2] Moreover, Plaintiff's allegation that there is no judicial precedent supporting the R&R is incorrect.  The R&R is 34 pages in length and evaluates each of Plaintiff's allegations about EEO administrative prerequisites and standing to enforce those claims.  (*See* ECF No. 175.) Even a cursory review of the R&R reveals in depth analysis and use of judicial precedent in evaluating Plaintiff's complaint.

that Defendants forced her to sit in a non-work ready, unaccommodated cubicle; (2) that she received improper write ups; (3) for sexual harassment; (4) for failure to train (5) for verbal harassment; (6) that she did not receive advanced written notice of her termination or a chance to respond; (7) that she failed to receive an annual evaluation and critical job evaluation checklist; and (8) her challenge to the legality of her managers' positions.  The Court also **DISMISSES WITH PREJUDICE** the IRS and the Department of the Treasury as Defendants.  These claims remain:

Plaintiff's disability discrimination and/or retaliation claims for engaging in prior protected EEO activity related to her allegations of:

1)    Denial of transfer to the night shift;

2)    Failure to hire Plaintiff in various positions; and

3)    Improper termination.

**SO ORDERED**, this 22nd day of April, 2020.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE