# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TERESA YOUNG, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 2:19-cv-02384-TLP-atc |
| | ) |
| JANET YELLEN, UNITED STATES | ) |
| SECRETARY OF THE TREASURY, | ) |
| | ) |
|    Defendant. | ) |

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S DISCOVERY ORDERS

Before the Court by order of reference[1] is Defendant's Motion to Dismiss Based on Plaintiff's Failure to Comply with the Court's Discovery Orders, filed March 3, 2021. (ECF No. 245.) On March 16, 2021, the Court entered an Order on Pending Motions and To Show Cause, in which it ordered *pro se* Plaintiff Teresa Young to show cause on or before March 30, 2021, why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 37 and for her failure to abide by the Court's orders. (ECF No. 247, at 4.)

Young has made a flurry of filings since then. However, as is explained in more detail below, none of those filings directly responds to the Court's order that she show cause as to why her case should not be dismissed. Young has demonstrated an ongoing willingness to ignore the Court's orders and a refusal to prosecute her case in many instances, including, but not limited

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

to, her failure to respond to discovery requests, her failure to cooperate with opposing counsel to schedule her deposition, and her failure to attend status conferences set by the Court. Those failures have taxed the resources of the Defendant and this Court, as is at least partially demonstrated by the 280 docket entries (and counting) in this matter, many of which are repetitive, inflammatory, and without basis in either law or fact.

Young's conduct has necessitated repeated amendments to the scheduling order, including most recently on May 27, 2021, when the Court granted Defendant's motion to hold the remaining deadlines in abeyance. (ECF No. 270.) The Court granted that motion in part based on Defendant's stated—and understandable—inability to meet the deadline for filing dispositive motions due to Young's failure to communicate about scheduling her deposition or to fully respond to Defendant's discovery requests. The Court has ordered her to do both multiple times. (*See* ECF Nos. 229, 237, 247.) Young appealed the order holding the deadlines in abeyance to the Sixth Circuit Court of Appeals (ECF No. 272), marking the seventh appeal Young has made to the Sixth Circuit in this case, including in April and June of this year, as she was ignoring the Court's orders that she engage in discovery. (*See* ECF Nos. 38, 105, 140, 153, 198, 261.) As with Young's previous six appeals—and the three times she has petitioned for rehearing of those appeals—the Sixth Circuit has dismissed Young's appeal. (ECF No. 277; *see also* ECF Nos. 53, 145, 166, 189, 216, 219, 225, 268, 275.)[2]

Before and after the Court entered the Order to Show Cause, Young has peppered her filings with insults of members of the judiciary and opposing counsel, assigned them nicknames,

---

[2] On July 7, 2021, Young filed her eighth appeal to the Sixth Circuit Court of Appeals. (ECF No. 278.) The relief she seeks includes having her case reinstated (though it has yet to be dismissed) and, upon such reinstatement, to have the case transferred to a district court in some other, unidentified state. (*Id.* at 2.) To the extent Young is seeking a change of venue under 28

2

and cast baseless and defamatory accusations against them. What Young has not done, however, is what she is required to do under this Court's orders and the law of this Circuit: prosecute her case. Hers is the sort of contumacious conduct that demands dismissal under Sixth Circuit law. The Court recommends that her case be dismissed with prejudice.

## RELEVANT PROCEDURAL HISTORY

On December 21, 2020, the Court held a status conference in this matter (ECF No. 235) and entered a written Order the next day (ECF No. 229). The Order set a deadline of January 20, 2021, for the Defendant to provide Young certain discovery responses and for Young to provide written responses to Defendant's requests for production, any objections thereto, and any corresponding responsive documents. (ECF No. 229, at 3.) The same Order required Young to sit for her deposition. (*Id.*) During that conference, the Court set another status conference for January 14, 2021, a date agreed to by both parties, at which point the date and location for Young's deposition would be set. (*Id.*) Given the ongoing concerns related to the COVID-19 pandemic, the Court invited the parties to offer submissions prior to the conference as to when, where, and how the deposition would be conducted. (*Id.*) Prior to the status conference, Defendant submitted its position on the scheduling of Young's deposition, indicating that it was willing to travel to Maryland, where Young lives, within sixty days to conduct Young's in-person deposition. (ECF No. 232, at 1–2.) Young offered no position and did not appear at the January 14 status conference. On January 15, 2021, the Court entered an Order setting deadlines, which included requiring Young to sit for her deposition in Maryland by April 30, 2021. (ECF No. 237, at 3.) The Court gave the parties two months to communicate to select a

---

U.S.C. § 1404, that request is not before this Court. The Sixth Circuit has yet to rule on that appeal.

3

mutually agreeable date for Young's deposition and set a status conference for March 15, 2021, at which time the Court would confirm the date and location of the deposition. (*Id.*)

That Order also reminded the parties that the previously established January 20, 2021 deadline to respond to the outstanding discovery remained in place. (*Id.* at 2 n.2.) On January 19, 2021, Defendant filed a notice that it had provided its outstanding discovery responses to Young. (ECF No. 239.) The same day, Young filed a five-page document styled "Plaintiff's Answer to Defense Ref Plaintiff's Motion Due to Covid and Health Status." (ECF No. 240.) Young did nothing, however, to satisfy her obligation to produce the outstanding discovery. By the time Defendant filed its Motion to Dismiss on March 3, 2021, Young had still not produced the outstanding discovery or responded to Defendant's efforts to set up her deposition. The Court has received no indication that she has done either in the weeks since.

Young did not appear at the status conference on March 15, 2021, and offered no indication that she would not beforehand. (ECF No. 249.) On March 16, 2021, the Court entered an Order on Pending Motions and to Show Cause. (ECF No. 247.) The Court wrote:

> Plaintiff has twice failed to appear for Court-ordered status conferences. She also ignored the Court's orders compelling her to provide discovery responses and communicate with counsel to set the time, date, and location of her deposition. The Court has previously warned Young "that her failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Court . . . or any other order of the court may result in her case being dismissed without further notice."

(*Id.* at 3–4.)

Young subsequently filed multiple documents that ostensibly responded to the order to show cause, while also requesting various other forms of relief. (*See* ECF Nos. 250, 251, 252, 253, 254, 259.) On April 5, 2021, the Court entered an Order addressing those filings, noting that none of Young's numerous filings contained any explanation as to how any of the issues she described prevented her from responding to discovery or why, in spite of communicating with

4

Defendant's counsel about multiple issues, she could not communicate with him about setting her deposition. (ECF No. 260, at 3.) Nevertheless, the Court once again gave Young additional time to comply with her obligations and to prosecute her case. The Court informed Young that she had until April 30, 2021, to provide responses to Defendant's discovery requests and communicate with Defendant's counsel to set her deposition. (*Id.* at 8.) The Court informed Young multiple times in that Order that her failure to meet the deadlines could result in her case being dismissed without further notice. (*Id.* at 2, 4, 8.)

On April 22, 2021, Young filed a seven-page document styled as "Plaintiff's Response to Order on Pending Motions and to Show Just Cause." (ECF No. 263.) That document reiterated many of the points from her previous filings. The same day, Young filed a motion seeking a continuance and a court-appointed attorney, a request that the Court previously had denied on multiple occasions.[3] (ECF No. 265.) Defendant filed a notice on May 3, 2021, informing the Court that Young had still not provided it with the outstanding discovery and still had not responded to Defendant's attempts to schedule her deposition. (ECF No. 267, at 3.)

To recap, since the Court entered its first Order in December 2020 directing Young to respond to discovery and make herself available for deposition, Young has filed twenty documents on the docket, appealed three times to the Sixth Circuit Court of Appeals, and sent multiple emails to the Court. She has accomplished all this activity while failing to produce the

---

[3] Young's motion seeking a continuance did not include a certificate of consultation, reflecting an ongoing pattern of Young disregarding the Local Rules of this Court. *See* LR 7.2(a)(1)(B) ("Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion."). The Court has repeatedly reminded Young of this obligation, has warned her that failure to abide by the rule would result in her motions being denied, and, in fact, has denied certain relief that she has sought based on her failure to follow this straightforward and simple obligation that applies to all parties, *pro se* or otherwise. (*See* ECF No. 260, at 2, 7–8.) The Court has previously pointed out that "this Court takes a dim view of Local Rule violations." *Nixon v. Hardin Cnty. Bd. of Educ.*, 988 F. Supp. 2d 826, 830 (W.D. Tenn. 2013).

discovery she was supposed to have produced months ago and failing to even consult with Defendant about her deposition, let alone schedule it.

## LAW AND ANALYSIS

Rule 37(b)(2)(A) empowers the Court to issue a number of sanctions in the event a party fails to obey a discovery order. Among such sanctions is dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154–55 (6th Cir. 1988) (citing *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)).

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Moreover, though courts generally have a high tolerance for legal filings from *pro se* litigants, that tolerance is not limitless, and "[f]ederal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n.4 (1989) (citation omitted); *see also United States v. Rotnem*, No. 5:16-CR-388, 2020 WL 2063408, at *2 (N.D. Ohio Apr. 29, 2020).

The Court's analysis under both Rule 37(b)(2) and Rule 41(b) are identical. *Shavers*, 516 F. App'x at 569–70. In determining whether to dismiss an action under Rule 37(b)(2) or Rule 41(b), courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

>   dismissed party was warned that failure to cooperate could lead to dismissal; and
>   (4) whether less drastic sanctions were imposed or considered before dismissal
>   was ordered.

*Id.* (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)).

"Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court." *Lee v. Glaxosmithkline, LLC*, No. 2:12-cv-02393-JTF-cgc, 2014 WL 691192, at *4 (W.D. Tenn. Feb. 21, 2014) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Dismissal under Rule 37(b)(2) or Rule 41(b) is warranted when there is a "clear record of delay or contumacious conduct by the plaintiff" and when the plaintiff "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570 (citations and internal quotation marks omitted). "Contumacious conduct means 'behavior that is perverse in resisting authority and stubbornly disobedient.'" *Morgan v. AMISUB (SFH), Inc.*, No. 18-cv-2042-TLP-tmp, 2020 WL 7704557, at *3 (W.D. Tenn. Oct. 8, 2020), *report and recommendation adopted*, 2020 WL 7405805 (W.D. Tenn. Dec. 17, 2020) (quoting *Phipps v. Accredo Health Grp., Inc.*, No. 2:15-cv-02101-STA-cgc, 2017 WL 685579, at *4 (W.D. Tenn. Feb. 21, 2017)). For the reasons below, dismissal of Plaintiff's claims against Defendant is the only appropriate remaining sanction in this case.

**I.        Willfulness, Bad Faith, or Fault**

With respect to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (holding that bad faith exists when a party delays or disrupts the litigation or

7

hampers the enforcement of a court order) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)).  Here, Young's stubbornly disobedient conduct has repeatedly delayed and disrupted the litigation.  Her initial responses to Defendant's discovery requests were deficient.  Then, despite being ordered to remedy the deficiency and given repeated opportunities to do so, she has refused.  She has failed to coordinate with Defendant to schedule her deposition, also in spite of being ordered to do so multiple times.

Plaintiff has not offered anything to sufficiently justify or excuse this conduct.  In one recent filing, she suggested that "to have the Plaintiff to complete an alleged deposition is unwarranted, for at the end of such completion, there is no case closure for which it (the Court) seeks restitution or making hole for the Plaintiff including undue mental stress, back wages, case expenses, etc." (ECF No. 276, at 2.)  Though not entirely clear, Young might be referring to her ongoing assertion that this case was wrongfully dismissed.  As this Court has previously noted, her case has not been dismissed.  (ECF No. 260, at 5.)  To the extent that she is contending that she need not comply with this Court's orders on that basis, that contention is baseless.

Nor does Young's *pro se* status offer a means for excusing her willfulness, bad faith, and fault.  The Court has previously explained that, "[a]s a pro se litigant, [Young] is still bound by both the Federal Rules of Civil Procedure and the local rules." *Parker v. W. Carroll Sch. Dist.*, No. 20-cv-1044-STA-tmp, 2020 WL 7647633, at *1 n.4 (W.D. Tenn. Dec. 23, 2020) (citing *Wallace v. Brown*, No. 2:17-cv-02269-SHM-tmp, 2020 WL 4228310, at *3 (W.D. Tenn. July 23, 2020)).  And, though "district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules." *Id.* (quoting *Greer v. Home Realty Co. of Memphis Inc.*, No. 2:07-cv-2639-SHM-egb, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010)).

Young also has cited various health concerns, including high blood pressure, high levels of stress, panic attacks, and suicidal ideations, as well as lack of internet or email access and homelessness, as justifications for her conduct.[4] (*See, e.g.*, ECF No. 250, at 3; ECF No. 265, at 1–2.)  As an initial matter, to the extent Young argues those issues prevented her from complying with the Court's orders and her discovery obligations, the Court notes again that Young has had the time and wherewithal to submit numerous filings in and appeals of this case, with no explanation of why she can accomplish those tasks but not the ones ordered by the Court.  In addition, her alleged health issues do not absolve her of her obligations to abide by the rules of this Court and the Federal Rules of Civil Procedure, do not excuse her repeatedly undermining the proceedings before this Court, and do not excuse her reckless disregard for the effect of her conduct on the proceedings.  *See, e.g.*, *Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5899326, at *4 (S.D. Ohio Nov. 12, 2019), *report and recommendation adopted*, 2019 WL 6682155 (S.D. Ohio Dec. 6, 2019) (warning a *pro se* former prisoner that, in spite of his brain injury, mental illness, nervous breakdowns, exhaustion, and confusion, "his pro se status and professed health conditions do not relieve him of his obligation to fully comply with applicable rules of civil procedure and with the Orders of this Court.").

Plaintiff's failure to cooperate in discovery and to comply with the orders of this Court more than satisfies the first factor, which favors dismissal of Plaintiff's claims.

---

[4] Young has repeatedly complained that her requests for service by mail have gone unanswered by the Court. (*See, e.g.*, ECF No. 265-2, at 2.)  To the contrary, the Court has directed the Clerk's office to mail all orders to the address provided by Young.  In addition, Young has continued to receive ECF notices of all filings by email, and despite her contentions otherwise, she has demonstrated that she does, in fact, send and receive emails. (*See, e.g.*, ECF Nos. 245-4, 265-1.)

## II.     Prejudice to the Defendant

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). Defendant has been prejudiced in that it has been unable to move forward in its trial preparation because of Plaintiff's refusal to coordinate her deposition or to otherwise cooperate in discovery. Defendant has spent time, money, and effort in trying to adhere to the schedule in this matter and to shepherd it along but has been met with obstinance from Young at nearly every turn. Defendant has been prejudiced by Plaintiff's conduct, which supports dismissal of Plaintiff's claims.

## III.    Warnings Concerning Failure to Cooperate

With respect to the third factor, a key consideration in determining whether dismissal under Rule 37(b)(2)(A) and Rule 41(b) is warranted is whether the party had prior notice that dismissal would result from ongoing noncompliance. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs*, 138 F.3d 612, 615 (6th Cir. 1998)). This Court has repeatedly warned Young that failure to follow the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's orders comes with the risk of having her case dismissed. (*See* ECF No. 128, at 3; ECF No. 247, at 3–4; ECF No. 260, at 2, 4, 8.)

The Court's most recent warning to Young, given in the same Order that granted her yet another extension of time to do that which she was supposed to have done months earlier, could not have been clearer on this point. First, the Court explained that Young's "[f]ailure to meet these deadlines may result in Young's case being dismissed without further notice." (ECF No.

10

260, at 2.)  Then, the Court stated that "Young's failure to meet the foregoing deadlines may result in her case being dismissed under Federal Rules of Civil Procedure 37 and 41(b), and for failing to abide by this Court's orders."  (*Id.* at 4.)  Finally, the Court "reiterate[d] that failure to meet the deadlines above, or to otherwise abide by the terms of this Order or the rules of this Court, may result in Young's case being dismissed without further notice."  (*Id.* at 8.)

Young has been given multiple opportunities to abide by the Court's orders and multiple warnings that her failure to do so might result in her case being dismissed.  As a result, the third factor favors dismissal of Plaintiff's claims.

### IV.    Lesser Sanctions Would be Ineffective

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute.  *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).  Rather, when the plaintiff's refusal to participate in discovery and to comply with court orders is contumacious, dismissal "as the first and only sanction" is clearly within the court's power.  *Harmon*, 110 F. 3d at 368.  In this case, however, the Court has imposed lesser sanctions and made allowances for Plaintiff to encourage her to move her case forward, to no avail.  The Court granted Defendant's motion to compel Young's discovery responses and deposition.  (ECF No. 229.)  The Court provided Young with multiple deadline extensions to enable her to fulfill her obligations.  (*See, e.g.*, ECF Nos. 229, 260.)  The Court set a status conference to discuss the scheduling of Young's deposition, and when Young did not appear, the Court set another (at which Young also did not appear).  (*See* ECF No. 247.)  The Court set one final deadline, ordering Young to provide the outstanding discovery and schedule her deposition by April 30, 2021.  None of these efforts resulted in Young's compliance.

11

Given the Court's repeated, and ultimately fruitless, attempts to get Young to prosecute her case, no alternative sanctions would be effective. Young's conduct resembles that of the plaintiff in *Hartsfield v. United Parcel Serv., Inc.*, No. 4:18-cv-00069, 2020 WL 1539337 (E.D. Tenn. Mar. 2, 2020), *report and recommendation adopted*, 2020 WL 1529361 (E.D. Tenn. Mar. 30, 2020). There, the court explained that it was guided by Federal Rule of Civil Procedure 1's directive that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* at *3. The court determined that dismissal was the only appropriate remedy because "it [was] impossible for the Court to accomplish the laudable goal set forth in Rule 1 if Plaintiff refuses to respond to the opposing counsel's letters, emails, and phone calls; refuses to file written responses to motions; and refuses to appear in court when the Court notices him to do so." *Id.*

So, too, here. Young has refused to provide discovery as required by the rules and the Court's orders, has refused to substantively respond to defense counsel's repeated communications, has refused to set up a time for her deposition, has refused to appear in Court when required, has refused to abide by the Court's orders, and has been repeatedly reminded that her failure to abide by the Court's orders and her failure to prosecute her case could result in dismissal. No lesser sanction exists that would result in Young finally prosecuting her case. For these reasons, the fourth factor supports dismissal of Plaintiff's claims.

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice for failure to comply with court orders and for failure to

prosecute pursuant to Federal Rules of Civil Procedure 37(b) and 41(b), as well as under the

Court's inherent powers.

    Respectfully submitted this 4th day of August, 2021.

                                                  s/Annie T. Christoff
                                                  ANNIE T. CHRISTOFF
                                                  UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.