IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERESA YOUNG, also known as Donella D., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DEPARTMENT OF THE TREASURY, IRS, and STEVEN T. MNUCHIN, | ) ) ) ) |
| Defendants. | ) |

No. 2:19-cv-02384-TLP-atc

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS**

Plaintiff Teresa Young objects to two of Magistrate Judge Annie T. Christoff's ("Judge Christoff") recent orders. In March and April 2021, Plaintiff filed many documents with the Court, including (1) "Pro Se Response to Order to Show Cause and Pending Motions" (ECF No. 250), (2) "Pro Se Motion to Continue" (ECF No. 251), (3) "Plaintiff's Appeal of Case and Ledger Dismissal" (ECF No. 252), (4) "Plaintiff's Declaratory Statement Ref to Order on Pending Motions and to Show Just Cause" (ECF No. 253), (5) "Plaintiff's Motion for Motions to Remain Intact" (ECF No. 254), and (6) "Kangaroo Court" (ECF No. 259).

Under Administrative Order 2013-05, the Magistrate Judge considered Plaintiff's filings and entered an order addressing them ("April 2021 Order"). (ECF No. 260.) There, the Magistrate Judge granted Plaintiff an extension of time to comply with discovery deadlines and ordered her to respond to Defendant's discovery requests. (*Id.* at PageID 1748.) The Magistrate Judge also denied Plaintiff's requests for counsel and her motion to reinstate her case. (*Id.* at

PageID 1748–50.)  The April 2021 Order addressed the other issues raised in Plaintiff's filings, such as her request to seal documents, for the Court to enter a ledger she filed with the Court on the docket, and to compel discovery responses.  (*Id.* at PageID 1750–51.)  Plaintiff now objects to the Magistrate Judge's April 2021 Order, arguing that the order failed to address individually each of her filings.  (ECF No. 271.)

What is more, Defendant moved for sanctions because Plaintiff flouted the Magistrate Judge's discovery orders.  (ECF No. 245.)  Then Defendant moved the Court to hold the remaining deadlines in abeyance pending the Magistrate Judge's decision on its motion for sanctions.  (ECF No. 269.)  The Magistrate Judge granted Defendant's motion the next day ("May 2021 Order").  (ECF No. 270.)  Now Plaintiff objects to the May 2021 Order too.  (ECF No. 272.)  She argues that the Magistrate Judge should not have entered its order without first allowing her to respond to Defendant's motion.  (*Id.*)  Defendant responded in opposition to both of Plaintiff's objections.  (ECF. No. 273.)

Because parties can appeal to the district court a Magistrate Judge's order on a motion referred under 28 U.S.C. § 636(b)(1)(A), the Court construes Plaintiff's objections as an appeal to this Court.  For the reasons below, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's April 2021 and May 2021 Orders.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), with few exceptions, the Court may designate a magistrate judge to hear and determine any pretrial matter.  The Court may reconsider a pretrial determination made by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

The clearly erroneous standard applies to the magistrate judge's factual findings, while the contrary to law standard applies to the magistrate's conclusions of law. *United States v. Hofstetter*, 423 F. Supp. 3d 502, 505 (E.D. Tenn. 2019). A factual finding is clearly erroneous when, "although there is evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)); *see also Hofstetter*, 423 F. Supp. 3d at 505. "A decision is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Hoftstetter*, 423 F. Supp. 3d at 505 (internal quotations and alterations omitted).

## ANALYSIS

I. **Plaintiff's Objection to the April 2021 Order**

    A. **Plaintiff's Objection Is Untimely**

Under Federal Rule of Civil Procedure 72, parties have fourteen days to object to a Magistrate Judge's order on non-dispositive motions. Fed. R. Civ. P. 72(a); *see also* Local Rule 72.1(g)(1). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). What is more, "[t]he district judge in the case must consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* (emphasis added).

The Magistrate Judge here issued the April 2021 Order on April 5, 2021. (ECF No. 260.) So Plaintiff had until April 19, 2021, to timely object to it. *See* Fed. R. Civ. P. 72(a). But Plaintiff failed to do so. Instead, she waited until June 4, 2021, to lodge her objections to the Magistrate Judge's order. (ECF No. 271.) As a result, Plaintiff's objection to the Magistrate Judge's order is untimely.

> **B.      The Magistrate Judge's Order Was Not Clearly Erroneous or Contrary to Law**

Even considering the merits of her objections, Plaintiff does not show that the Magistrate Judge's order was either clearly erroneous or contrary to law.

Plaintiff argues that the Magistrate Judge deprived her of due process by dismissing her outstanding motions without addressing each filing individually. (ECF No. 271 at PageID 1795.) Plaintiff contends also that the Magistrate Judge erred in denying her motion to appoint counsel, arguing that her mental state and homelessness are exceptional circumstances warranting appointment of counsel. (*Id*.) Neither argument establishes that the Magistrate Judge made a clear error or acted contrary to law.

First, the April 2021 Order does, in fact, explain why the Magistrate Judge denied each of Plaintiff's motions. (*See* ECF No. 260 at PageID 1747–52.) Judge Christoff explained that Plaintiff filed six documents. (*Id.* at PageID 1746.) All six documents had the same deficiency—Plaintiff "failed to consult with opposing counsel regarding any of the relief she seeks, as she is required to do under Local Rule 7.2(a)(1)(B)." (*Id*.) Under that local rule, "[f]ailure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." LR 7.2(a)(1)(b). As a result, the Magistrate Judge had authority to dismiss Plaintiff's motions without addressing the merits of her claims.

In any event, the Magistrate Judge considered the merits of her requests for relief "in the interest of judicial economy." (*Id.* at PageID 1747.) Judge Christoff granted Plaintiff an extension of time to comply with discovery deadlines and ordered her to respond to Defendant's discovery requests. (*Id.* at PageID 1748.) She also denied Plaintiff's requests for counsel. (*Id.* at PageID 1749.) Judge Christoff explained that "[a]ppointment of counsel in a civil case is a privilege that is justified only by exceptional circumstances." (*Id.* (citing *Johnson v. City of*

4

*Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012))). And "[i]n determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." (*Id.* (citing *Kindred v. Memphis Light Gas & Water*, No. 2:19-cv-2660-TLP-dkv, 2020 WL 880878, at *2 (W.D. Tenn. Jan. 6, 2020), report and recommendation adopted, 2020 WL 504672 (W.D. Tenn. Jan. 31, 2020))). Here Judge Christoff found that nothing in Plaintiff's motion "distinguishes [her] employment discrimination case from numerous other cases filed by pro se litigants." (*Id.*) The Magistrate Judge further found that Plaintiff has repeatedly shown her capability to represent herself. (*Id.*)

What is more, the Magistrate Judge addressed Plaintiff's other pending motions as well. Judge Christoff explained that she denied Plaintiff's motion to reinstate her case "because her case has not been dismissed." (*Id.* at PageID 1750.) The Magistrate Judge further considered the other issues raised in Plaintiff's filings, such as her request to seal documents, to compel discovery responses, and for the Court to enter a ledger she filed on the docket. (*Id.* at PageID 1750–51.)

In the end, Plaintiff's objections lack merit. The Magistrate Judge scrutinized and addressed Plaintiff's pending requests for relief in the April 2021 Order. And Plaintiff's motion to appoint counsel lacked any new facts or legal issues showing exceptional circumstances warranting appointment of counsel. Plus Plaintiff continues to display her ability to represent herself through the motions she files with the Court.

All in all, the Court finds that the Magistrate Judge's determination was not clearly erroneous or contrary to law. The Court thus **OVERRULES** Plaintiff's objections to the April 2021 Order.

II.     **Plaintiff's Objections to the May 2021 Order**

Next Plaintiff objects to the Magistrate Judge's May 2021 Order. (ECF No. 272.) In this order, Judge Christoff granted Defendant's motion to hold the remaining deadlines in abeyance pending resolution of Defendant's motion for sanctions. (*See* ECF Nos. 269 & 270.) Now Plaintiff asks the Court to reverse the May 2021 Order, because Judge Christoff granted Defendant's motion without allowing her to respond. (ECF No. 272.)

Under Local Rule 7.2(a)(2), a response to a motion "shall be filed within 14 days after service of the motion."[1] LR 7.2(a)(2). Here the Magistrate Judge granted Defendant's motion one day after Defendant filed it. Plaintiff thus argues that the Magistrate Judge did not give her enough time to respond to the motion.

At first glance, it seems the Magistrate Judge violated the Local Rules by granting Defendant's motion without allowing Plaintiff an opportunity respond. But Federal Rule of Civil Procedure 6 conveys otherwise. Under Rule 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." And under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."

Defendant asked the Magistrate Judge to extend the deposition and dispositive motion deadlines until after the Court decides the motion for sanctions. In particular, Defendant asked the Court to extend the deadline to depose Plaintiff until 60 days after the Court enters an order on the motion. (ECF No. 269 at PageID 1791.) And to extend the dispositive motion deadline until 90 days after the Court enters that order. (*Id.*) Under Rule 6, the Magistrate Judge had the

---

[1] This deadline does not apply to motions under Rules 12(b), 12(c), or 56. *See* LR 7.2(a)(2).

authority to extend these deadlines "with or without motion or notice." *See* Fed. R. Civ. P. 6(b)(1)(A). As a result, the Magistrate Judge did not need to give Plaintiff 14 days to respond to Defendant's motion to extend discovery deadlines. *See also* Fed. R. Civ. P. 16(b)(4) (explaining that a court can modify a schedule for good cause). The Court therefore finds that the May 2021 Order was not clearly erroneous or contrary to law.

Thus the Court **OVERRULES** Plaintiff's objections to the May 2021 Order.

## CONCLUSION

Plaintiff fails to show that the Magistrate Judge's orders were clearly erroneous or contrary to law. And so, the Court **OVERRULES** Plaintiff's objections and affirms the Magistrate Judge's April 2021 and the May 2021 Orders (ECF Nos. 260 & 270).

**SO ORDERED**, this 14th day of September, 2021.

                                                  s/Thomas L. Parker
                                                  THOMAS L. PARKER
                                                  UNITED STATES DISTRICT JUDGE