IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERESA YOUNG, also known as Donella D., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:19-cv-02384-TLP-atc ) ) |
| JANET YELLEN, UNITED STATES SECRETARY OF THE TREASURY, | ) ) ) ) |
| Defendant. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING PENDING MOTIONS AS MOOT

Defendant Janet Yellen,[1] United States Secretary of the Treasury, moved to dismiss under Rule 37 of the Federal Rules of Civil Procedure based on Pro Se Plaintiff Teresa Young's failure to comply with discovery orders. (ECF No. 245.) Under Administrative Order 2013–05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters. Judge Christoff issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion to dismiss. (ECF No. 281.)

For the reasons below, the Court **ADOPTS** the R&R and therefore **DISMISSES** the complaint **WITH PREJUDICE**.

---

[1] Steven T. Mnuchin is no longer the United States Secretary of the Treasury. Under Rule 25(d) of the Federal Rules of Civil Procedure, when a public officer stops holding office, the Court is to automatically substitute the officer's successor as a party. The Court therefore **DIRECTS** the Clerk to substitute Janet Yellen, the current United States Secretary of the Treasury, as a party in place of Defendant Mnuchin.

## BACKGROUND

This case arises from Plaintiff's employment as an office automation clerk at the Department of Treasury. In June 2019, Plaintiff sued Defendants Department of the Treasury, IRS, and Steven T. Mnuchin, United States Secretary of the Treasury. (ECF No. 1.) After several attempts to amend her complaint (*see* ECF Nos. 17, 25, & 28), Plaintiff filed an amended complaint in January 2020. (ECF No. 97.)

Defendants moved for partial dismissal. (ECF No. 113.) And the assigned magistrate judge issued an R&R recommending that the Court partially dismiss the amended complaint. (ECF No. 175.) The Court adopted that R&R in April 2020, dismissing many of Plaintiff's claims with prejudice. (ECF No. 192 at PageID 1269.) The Court also dismissed with prejudice the IRS and Department of the Treasury as parties. (*Id.* at PageID 1270.) The lone remaining Defendant is the United States Secretary of the Treasury, Janet Yellen.[2]

The remaining procedural history of this case is complex. And so the Court will try to summarize the portions relevant to this motion. In December 2020, Judge Christoff held a status conference with the parties and entered a written order resolving several pending motions. (ECF Nos. 229 & 235.) Judge Christoff ordered that "Young shall provide written responses to Defendant's request for production, including any objections thereto, along with any additional responsive documents, by January 20, 2021." (ECF No. 229 at PageID 1591.) Judge Christoff also ordered that "Young shall be required to sit for her deposition," and stated that the parties would address the specifics of Plaintiff's deposition at a status conference in mid-January. (*Id.*) The order provided that "[a]ny written submissions the parties wish to make on the question of when, where, and how the deposition will be conducted should be filed by that date." (*Id.*)

---

[2] As noted above, Steven T. Mnuchin is no longer the United States Secretary of the Treasury.

About a week before the status conference, Defendant made a proposal about Plaintiff's deposition. (ECF No. 232.) Acknowledging that Plaintiff—who currently lives in Maryland—did not wish to travel to Memphis for the deposition, Defendant suggested an in-person deposition near her home in Maryland. (*Id.* at PageID 1604.) Defendant offered to work with Plaintiff to find a mutually convenient date and time for defense counsel to travel to Maryland for the deposition. (*Id.* at PageID 1605.) Plaintiff did not make a counter-proposal for her deposition or respond to Defendant's submission.

Plaintiff also did not appear at the status conference on January 14, 2021. (ECF No. 236.) A week before that status conference, Plaintiff emailed the Court that she "received a voicemail from this court" cancelling the status conference. (ECF No. 233.) Judge Christoff re-issued a setting letter following Plaintiff's email. (ECF No. 234.) After Plaintiff failed to appear, Judge Christoff entered an order informing Plaintiff that the Court made no such call, and instructing Plaintiff to refer to the docket for scheduling announcements and deadlines set by the Court. (ECF No. 237 at PageID 1626.) Judge Christoff's order later stated, "[f]inding Defendant's position to be reasonable, and absent any objection from Young, the Court will require Young to sit for her deposition in Maryland on or before the April 30 deposition deadline." (*Id.* at PageID 1628.) Judge Christoff then set another status conference in mid-March 2021. (*Id.*; *see also* ECF No. 238.)

In early March 2021, Defendant moved to dismiss under Rule 37 of the Federal Rules of Civil Procedure based on Plaintiff's failure to comply with discovery orders. (ECF No. 245.) According to the motion, Plaintiff did not comply with Judge Christoff's order to provide written responses to Defendant's requests for production by January 20, 2021. (*Id.* at PageID 1656.)

And Plaintiff did not submit a proposal for her deposition or appear for the January 2021 status conference. (*Id.*)

Plaintiff then failed to appear for the status conference on March 15, 2021. (ECF No. 248.) And so Judge Christoff entered an order to show cause. (ECF No. 247.) The order stated that because Plaintiff failed to appear, the Court could not address "the outstanding motions in the case and unresolved discovery issues" or "confirm the specific date and location of Young's deposition." (*Id.* at PageID 1673.) The order to show cause emphasized Plaintiff's failure to appear for the status conferences in January and March 2021 and stated that "[s]he also ignored the Court's orders compelling her to provide discovery responses and communicate with counsel to set the time, date, and location of her deposition." (*Id.* at PageID 1674.) And the order noted that "[t]he Court has previously warned Young 'that her failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Court . . . or any other order of the court may result in her case being dismissed without further notice.'" (*Id.* at PageID 1674–75 (quoting ECF No. 128 at PageID 936).) Lastly, the order directed Plaintiff to show cause why the Court should not dismiss her complaint by March 30, 2021. (*Id.* at PageID 1675.)

Since that time, Plaintiff—already a high-volume filer—has flooded the docket with new entries and inundated the Court with her submissions. For example, Plaintiff filed separately seven documents between March 29, 2021 and April 2, 2021, all of which purportedly respond to the order to show cause. (ECF Nos. 250, 251, 252, 253, 254, 258, & 259.) One of these filings is entitled only "Kangaroo Court."[3] (ECF No. 259.)

---

[3] The term "kangaroo court" describes "a sham legal proceeding in which a person's rights are totally disregarded and in which the result is a foregone conclusion because of the bias of the court or other tribunal." *Butcher v. Mich. Supreme Court*, No. 07-14940, 2008 WL 2067028, at *2 (E.D. Mich. May 15, 2008) (citing Black's Law Dictionary 780 (5th ed. 1979)); *see also Medlin v. City of Algood*, 355 F. Supp. 3d 707, 714 (M.D. Tenn. 2019).

Judge Christoff then gave Plaintiff yet another chance. In an order dated April 5, 2021, Judge Christoff construed "Young's collective filings as a request for an extension of time to comply with the previously imposed discovery obligations, which included a requirement that she respond to Defendant's discovery requests by January 20, 2021, and communicate with Defendant's counsel before March 15 to set a date for her deposition." (ECF No. 260 at PageID 1745 (citing ECF Nos. 229 & 237).) Judge Christoff granted the request for additional time through April 30, 2021. (*Id.*) The order also stated that "Young's deposition must be scheduled to occur before May 31, 2021," and that "[f]ailure to meet these deadlines may result in Young's case being dismissed without further notice." (*Id.* at PageID 1745–46.)

Despite the Magistrate Judge's order granting more time, Plaintiff filed yet another response to the order to show cause on April 22, 2021. (ECF No. 263.) On May 3, 2021, Defendant informed the Court that Plaintiff had not yet complied with her discovery obligations by responding to Defendant's requests for production or communicating with defense counsel to schedule her deposition. (ECF No. 267 at PageID 1785.) Judge Christoff then issued an R&R on the motion to dismiss in August 2021. (ECF No. 281.)

With this procedural history in mind, the Court now turns to Judge Christoff's R&R.

## THE REPORT & RECOMMENDATION

### I.     Facts of the Case

The Magistrate Judge first summarized the facts and complicated procedural history here. (ECF No. 281 at PageID 1847–52.) The R&R acknowledges Plaintiff's "flurry of filings" in response to the order to show cause. (*Id.* at PageID 1847.) But after reviewing the documents, Judge Christoff determined that "none of those filings directly responds to the Court's order that she show cause as to why her case should not be dismissed." (*Id.*) The R&R emphasizes that

5

Judge Christoff's April 5, 2021 order addressed those filings and explained that "none of Young's numerous filings contained any explanation as to how any of the issues she described prevented her from responding to discovery or why, in spite of communicating with Defendant's counsel about multiple issues, she could not communicate with him about setting her deposition." (*Id.* at PageID 1850–51 (citing ECF No. 260 at PageID 1747).)

The R&R also stresses the many chances Judge Christoff gave Plaintiff to comply with her discovery obligations—and the many warnings that Plaintiff's failure to comply may lead to dismissal. (*Id.* at PageID 1851.) According to the R&R:

> Young has demonstrated an ongoing willingness to ignore the Court's orders and a refusal to prosecute her case in many instances, including, but not limited to, her failure to respond to discovery requests, her failure to cooperate with opposing counsel to schedule her deposition, and her failure to attend status conferences set by the Court. Those failures have taxed the resources of the Defendant and this Court, as is at least partially demonstrated by the 280 docket entries (and counting) in this matter, many of which are repetitive, inflammatory, and without basis in either law or fact.
>
> Young's conduct has necessitated repeated amendments to the scheduling order, including most recently on May 27, 2021, when the Court granted Defendant's motion to hold the remaining deadlines in abeyance. (ECF No. 270.) The Court granted that motion in part based on Defendant's stated—and understandable—inability to meet the deadline for filing dispositive motions due to Young's failure to communicate about scheduling her deposition or to fully respond to Defendant's discovery requests. The Court has ordered her to do both multiple times. (*See* ECF Nos. 229, 237, 247.) Young appealed the order holding the deadlines in abeyance to the Sixth Circuit Court of Appeals (ECF No. 272), marking the seventh appeal Young has made to the Sixth Circuit in this case, including in April and June of this year, as she was ignoring the Court's orders that she engage in discovery. (*See* ECF Nos. 38, 105, 140, 153, 198, 261.) As with Young's previous six appeals—and the three times she has petitioned for rehearing of those appeals—the Sixth Circuit has dismissed Young's appeal. (ECF No. 277; *see also* ECF Nos. 53, 145, 166, 189, 216, 219, 225, 268, 275.)[4]

---

[4] On July 7, 2021, Young filed her eighth appeal to the Sixth Circuit. (ECF No. 278.) The relief she seeks includes having her case reinstated (though it has yet to be dismissed) and, upon that reinstatement, to have the case transferred to a district court in some other, unidentified state. (*Id.* at 2.) If Young is seeking a change of venue under 28 U.S.C. § 1404, that request is not before this Court. The Sixth Circuit has yet to rule on that appeal.

> Before and after the Court entered the Order to Show Cause, Young has peppered her filings with insults of members of the judiciary and opposing counsel, assigned them nicknames, and cast baseless and defamatory accusations against them. What Young has not done, however, is what she is required to do under this Court's orders and the law of this Circuit: prosecute her case. Hers is the sort of contumacious conduct that demands dismissal under Sixth Circuit law.

(ECF No. 281 at PageID 1847–49.) The R&R therefore recommends dismissal with prejudice. (*Id.* at PageID 1849.) The Court now turns to Judge Christoff's recommendation of dismissal.

## II.     The Magistrate Judge's Analysis

The R&R correctly explains the Rule 37 standard. (*Id.* at PageID 1852.) Rule 37(b) permits courts to impose various sanctions if a party fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). This includes dismissal. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Courts may impose the sanction of dismissal "only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." (ECF No. 281 at PageID 1852 (quoting *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154–55 (6th Cir. 1988)).) The R&R also states that "Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or to comply with the Federal Rules of Civil Procedure or a court order." (*Id.*) "Rule 41(b) 'allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties.'" (*Id.* (quoting *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013)).)

Judge Christoff explained that courts deciding whether to dismiss an action under either Rule 37(b)(2) or Rule 41(b) consider the same four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal

was ordered." (*Id.* at PageID 1852–53 (quoting *Shavers*, 516 F. App'x at 569–70).) Judge Christoff found that all four factors weigh in favor of dismissal.

With these factors in mind, a party shows "willfulness, bad faith, or fault" by acting with "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (internal quotation marks omitted). As the R&R explains, "Young's stubbornly disobedient conduct has repeatedly delayed and disrupted the litigation. Her initial responses to Defendant's discovery requests were deficient. Then, despite being ordered to remedy the deficiency and given repeated opportunities to do so, she has refused. She has failed to coordinate with Defendant to schedule her deposition, also in spite of being ordered to do so multiple times." (ECF No. 281 at PageID 1854.) Judge Christoff also found "Plaintiff has not offered anything to sufficiently justify or excuse this conduct." (*Id.*) The R&R also addresses Young's repeated complaints of not receiving mail from the Court and being unable to access her email. (*Id.* at PageID 1855.) In sum, Judge Christoff found "Plaintiff's failure to cooperate in discovery and to comply with the orders of this Court more than satisfies the first factor, which favors dismissal of Plaintiff's claims." (*Id.*)

As for the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11- 02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). Judge Christoff found that "Defendant has been prejudiced in that it has been unable to move forward in its trial preparation because of Plaintiff's refusal to coordinate her deposition or to otherwise cooperate in discovery." (ECF No. 281 at PageID 1856.) The R&R also states that "Defendant

8

has spent time, money, and effort in trying to adhere to the schedule in this matter and to shepherd it along but has been met with obstinance from Young at nearly every turn." (*Id.*)

The third factor requires courts to consider whether the offending party had notice of dismissal as a possible sanction. *See Schafer*, 529 F.3d at 737. The R&R recounts the many warnings the Court gave and Plaintiff received. (*Id.*) Judge Christoff found "Young has been given multiple opportunities to abide by the Court's orders and multiple warnings that her failure to do so might result in her case being dismissed. As a result, the third factor favors dismissal of Plaintiff's claims." (*Id.* at PageID 1857.)

Lastly, when assessing the fourth factor, Judge Christoff concluded that "[g]iven the Court's repeated, and ultimately fruitless, attempts to get Young to prosecute her case, no alternative sanctions would be effective." (*Id.* at PageID 1858.) The R&R provides:

> Young has refused to provide discovery as required by the rules and the Court's orders, has refused to substantively respond to defense counsel's repeated communications, has refused to set up a time for her deposition, has refused to appear in Court when required, has refused to abide by the Court's orders, and has been repeatedly reminded that her failure to abide by the Court's orders and her failure to prosecute her case could result in dismissal. No lesser sanction exists that would result in Young finally prosecuting her case. For these reasons, the fourth factor supports dismissal of Plaintiff's claims.

(*Id.*) The R&R therefore recommends dismissal under both Rule 37(b) and Rule 41(b), as well as under the Court's inherent powers. (*Id.* at PageID 1859.)

## DISPOSITION

Now turning to this Court's analysis. The Court looks first to the Federal Rules of Civil Procedure for guidance about R&Rs. For example, Rule 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no

9

clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.  But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*  A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also United States v. Berry*, Nos. 05-20048, 10-12633, 2011 WL 1627902, at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report and recommendation must be specific challenges to the magistrate judge's conclusions."). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to the entirety of a magistrate judge's report "has the same effects as would a failure to object").

Also a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  In sum, "[t]he filing of vague, general, or conclusory objections

10

does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380).

The week after Judge Christoff issued the R&R, Plaintiff filed a memorandum opposing and appealing the Magistrate Judge's decision to dismiss. (ECF No. 285.) But Plaintiff dated the memorandum July 30, 2021—a week before the R&R issued. (*Id.* at PageID 1884.) And so it is unclear whether this filing predates the R&R or objects to it. If an objection, it was timely. If not, it is unclear what the memorandum refers to—Judge Christoff recommended dismissal in August 2021. (ECF No. 281.) Defendant responded to the memorandum, arguing that it raises no specific objections. (ECF No. 288 at PageID 1896.)

As Defendant points out, the lone objection in Plaintiff's memorandum is that she "has not received any mail from the Court since March 2021." (ECF No. 285 at PageID 1884.) Judge Christoff's R&R addresses this assertion, explaining that "the Court has directed the Clerk's office to mail all orders to the address provided by Young" and that "Young has continued to receive ECF notices of all filings by email, and despite her contentions otherwise, she has demonstrated that she does, in fact, send and receive emails." (ECF No. 281 at PageID 1855 n.4 (citing ECF Nos. 245-4 & 265-1).) And as Defendant points out, the Magistrate Court issued the discovery orders Plaintiff ignored in December 2020 and January 2021, well before Plaintiff says she stopped receiving Court filings by mail in March 2021. (ECF Nos. 229 & 237.)

And Plaintiff cannot claim that she did not receive the March 2021 order to show cause—whether by mail or electronically—because she responded to it seven times between March 29, 2021 and April 2, 2021. (ECF Nos. 250, 251, 252, 253, 254, 258, & 259.) In any event, Plaintiff's memorandum does not raise a specific objection to the R&R's analysis. *See Slater*, 28 F. App'x at 513; *Miller*, 50 F.3d at 380; *see also Berry*, 2011 WL 1627902, at *3.

11

Even still, the Court recognizes that Plaintiff's memorandum correctly identifies a discrepancy in the record related to her mailing address. Plaintiff attached an image of an envelope she received from the Clerk in March 2021. (ECF No. 285 at PageID 1887.) The envelope shows as this address: "P.O. Box 1450 Frederick, MD 21703." (*Id.*) This is the address Plaintiff gave in May 2020 when notifying the Court of a change to her address. (ECF No. 199 at PageID 1360.) In her notice, Plaintiff stated that her Maryland zip code was 21703. (*Id.*) But Plaintiff's recent filings suggest she made an error.

Plaintiff still submits filings to the Clerk by mail. Plaintiff sends each submission in an envelope. And on some of these envelopes are return address stickers. The return address on the envelope Plaintiff used to mail her memorandum lists her zip code as "21702." (ECF No. 285-1 at PageID 1888.) Plaintiff's correct zip code, it would seem, is 21702, not 21703.[5] Although Plaintiff does not raise a specific objection to the R&R's analysis on this basis, the Court will take it into account in its analysis below.

Plaintiff raises this mailing issue again in a later objection to the R&R.[6] (ECF No. 289 at PageID 1901.) This filing, even if timely, raises no specific objections to the R&R's analysis.

---

[5] The Clerk has updated the docket to reflect this change. The Court notes that Plaintiff is responsible for providing a current address to the Clerk. In granting Plaintiff leave to proceed in forma pauperis, the Court stated that "Plaintiff shall promptly notify the Clerk in writing of any change of address," and that "[f]ailure to comply with this requirement, or any other order of the court, may result in the dismissal of this case without further notice." (ECF No. 8 at PageID 29.)

[6] Plaintiff filed this objection on September 3, 2021, asserting that she did not receive the R&R until August 23, 2021. (ECF No. 289 at PageID 1898.) Although objections to the R&R were due August 18, 2021 (ECF No. 281 at PageID 1859), for Plaintiff's benefit, the Court will consider these objections. But the Court will not consider any additional objections in the "declaratory statement" Plaintiff filed on September 10, 2021. (ECF No. 293.) Even if this filing had any specific objections to the R&R, which it does not, the Court would not consider them—an objecting party gets only one chance to object without leave. *See* Fed. R. Civ. P. 72(b)(2); *see also* LR 72.1(g). What is more, Plaintiff makes outlandish claims in the declaration, like her assertion that the Magistrate Judge "purposely changed [Plaintiff's] zip code" on Court documents. (ECF No. 293 at PageID 1939.) Of course, as explained above,

Instead, Plaintiff emphasizes the delays in receiving mail from the Clerk and asserts that she has not had internet access since March 2020. (*Id.* at PageID 1899–1901.) Of course, the delay in receiving mail is likely due, at least in part, to Plaintiff providing the Clerk with an incorrect address. (ECF No. 199.) As for her alleged lack of internet access, the record betrays her claim.

Plaintiff admits in her objections that she had internet access and an active email account in January 2021. (ECF No. 285 at PageID 1901–02.) What is more, when counsel for Defendant emailed Plaintiff on February 18, 2021 (ECF No. 245-3 at PageID 1663), Plaintiff responded by email within three hours (ECF No. 245-4 at PageID 1665). Plaintiff also emailed the Court on March 29, 2021. (ECF No. 258.) And so Plaintiff sent and responded to emails during January, February, and March 2021, which also shows she had internet access during that time. And, as explained above, Plaintiff responded to the March 2021 order to show cause many times within two weeks of its entry. (ECF Nos. 250, 251, 252, 253, & 254.) Plaintiff offers no valid explanation for her failure to comply with her discovery obligations at that time.

Plaintiff says defense counsel never contacted her about scheduling her deposition, stating that "[n]o contact . . . from the defense regarding a deposition was ever received." (ECF No. 289 at PageID 1906.) But the emails attached to Defendant's motion for sanctions say different. Defense counsel's February 2021 email to Plaintiff requested dates in March and April 2021 for her deposition. (ECF No. 245-3 at PageID 1663.) And although Plaintiff responded to that email within three hours, her response did not include any deposition dates. (ECF No. 245-4 at PageID 1665.) Instead, Plaintiff simply told defense counsel to "[c]hill." (*Id.*)

---

Plaintiff bears sole ownership of the mistake about her zip code. (ECF No. 199.) Plaintiff also makes baseless accusations about the Magistrate Judge's impartiality and moral character. (ECF No. 293 at PageID 1942.)

Plaintiff also claims she "was never informed that there would be any deposition in Maryland." (ECF No. 289 at PageID 1902.) But, as found above, Plaintiff had internet access in January 2021 when the Magistrate Judge entered the order setting the conditions of Plaintiff's deposition. (ECF No. 237.) Plaintiff's several responses to the order to show cause also contradict her position. The Magistrate Court's order to show cause plainly states that "the Court entered an Order requiring Young to sit for her deposition in Maryland by April 30, 2021." (ECF No. 247 at PageID 1673 (citing ECF No. 237 at PageID 1627–28).) And so the record shows Plaintiff undeniably received notice of the deposition and her other discovery obligations.

At any rate, the main thrust of Plaintiff's argument is that the Court should not hold her accountable for ignoring her discovery obligations because she received delayed notice of court filings. But Plaintiff continued to ignore those obligations even after she knew about them. And the Sixth Circuit has consistently held that parties have an affirmative duty to monitor the docket. *See Harness v. Taft*, 801 F. App'x 374, 377 (6th Cir. 2020); *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012); *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370–71 (6th Cir. 2007); *Reinhart v. U.S. Dep't of Agric.*, 39 F. App'x 954, 956–57 (6th Cir. 2002). "Parties have an independent obligation to monitor all developments in an ongoing case and cannot rely on the clerk's office to fulfill this responsibility for them." *Harness*, 801 F. App'x at 377.

And "[r]egardless of the method of communication utilized (posted mail or email), it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." *Yeschick*, 675 F.3d at 630 (citations omitted). "Thus, after an email address change or migration, just as with a change of physical address, a party must inform the court of his or her updated contact information if he wishes to receive notices of electronic filing." *Id.*

14

But "regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket." *Id.* (citing *Kuhn*, 498 F.3d at 370–71).

What is more, Plaintiff hurls insults and baseless criticisms at the Magistrate Judge. (ECF No. 289 at PageID 1900–10.) And at the Court and its staff. (*Id.* at PageID 1903–05, 1907–11.) And even at opposing counsel. (*Id.* at PageID 1902, 1905–06.) Plaintiff addresses her objections to the "Dishonorable Judges" of this Court. (*Id.* at PageID 1898.) She complains of judicial bias and asserts that this is a "kangaroo court." (*Id.* at PageID 1902, 1905, 1910–11.) Plaintiff even requests sanctions against the Court. (*Id.* at PageID 1910–11.) In sum, Plaintiff makes baseless accusations and refuses to take any responsibility at all for her own behavior.

Under either a de novo or clearly erroneous standard, dismissal is proper under Rule 37(b) and Rule 41(b). For starters, the first factor—which requires "willfulness, bad faith, or fault"—is easily satisfied here because Plaintiff's conduct is "perverse in resisting authority" and "stubbornly disobedient." *See Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (internal quotation marks omitted). Judge Christoff gave Plaintiff every opportunity to fulfill her discovery obligations. Plaintiff never did. And she still has not.[7] Instead, she has repeatedly engaged in dilatory behavior.

And so the second factor also favors dismissal, because Plaintiff's failure to cooperate in discovery has prejudiced Defendant. Defendant has repeatedly used resources in unsuccessful attempts to obtain discovery from Plaintiff. *See id.* at 707 ("A defendant is prejudiced by a

---

[7] Plaintiff recently filed a notice that she sent "deposition responses" to Defendant. (ECF No. 298.) Defendant responded and included a copy of the discovery responses Plaintiff sent. (ECF No. 300.) Plaintiff made a spreadsheet and, in boxes numbered one through fifty, she wrote "overbroad" fifty times. (ECF No. 300-1 at PageID 1976–77.) Defendant suggests Plaintiff might have meant this as responses to Defendant's requests for production and interrogatories—Plaintiff has provided no deposition dates or otherwise responded to the discovery requests. (ECF No. 300 at PageID 1973.)

plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the non-compliant party] was legally obligated to provide.'" (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997))). And in response to one such attempt by Defendant to obtain discovery in February 2021, Plaintiff merely told defense counsel to "[c]hill." (ECF No. 245-4 at PageID 1665.) Plaintiff has engaged in exactly the sort of stubbornly disobedient conduct (also called "contumacious conduct") courts look for when deciding whether to impose the sanction of dismissal. And that conduct has prejudiced Defendant. This Court finds that factors one and two support dismissal.

As does factor three. Plaintiff received many warnings that failure to obey the discovery orders might lead to dismissal. (ECF No. 247 at PageID 1674–75; ECF No. 260 at PageID 1746, 1748, 1752.) These warnings left no doubt that the Court required Plaintiff to take further. *See Carpenter*, 723 F.3d at 708–09. And Plaintiff received at least one earlier warning that failure to comply with the Federal Rules of Civil Procedure, Local Rules, and this Court's orders could lead to sanctions, including dismissal. (ECF No. 128 at PageID 936.)

The fourth factor is whether the Court has imposed or considered lesser sanctions. *See Carpenter*, 723 F.3d at 709. Indeed, dismissal is a sanction of "last resort." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). And so the Court should consider whether any less drastic sanction would suffice. *Id.* at 1280–81; *see also Carpenter*, 723 F.3d at 709. Defendant had moved for sanctions in July 2020 when Plaintiff failed to appear at her deposition. (ECF No. 218 at PageID 1542.) And the Magistrate Judge granted the motion in part but did not impose sanctions. (ECF No. 229 at PageID 1591; *see also* ECF No. 235.) Instead, the Magistrate Judge gave Plaintiff a warning and ordered her to appear for her deposition. (*Id.*) Even though the

16

Court has not imposed sanctions before, the Court considered imposing them.[8]  Factor four therefore supports dismissal.  *See Morgan v. AMISUB (SFH), Inc.*, No. 18-cv-2042-TLP-tmp, 2020 WL 7704557, at *4 (W.D. Tenn. Oct. 8, 2020), *report and recommendation adopted*, 2020 WL 7405805 (W.D. Tenn. Dec. 17, 2020).

The Court therefore finds that dismissal is proper under Rule 37(b) and Rule 41(b).

## CONCLUSION

Having reviewed the R&R and the entire record here, the Court **ADOPTS** the R&R and therefore **GRANTS** Defendant's motion for sanctions (ECF No. 245) and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.  The Court will **DENY AS MOOT** all other pending motions and enter judgment for Defendant.

**SO ORDERED**, this 8th day of October, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[8] The Court notes that Plaintiff is proceeding in forma pauperis and has referenced her financial hardships throughout her objections to the R&R and other filings.  This limits the practicality of imposing monetary sanctions.  *See Shavers*, 516 F. App'x at 571 (finding that for an indigent party, "it is likely that a financial sanction would have had no practical deterrent effect.").