IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERESA YOUNG, also known as Donella D., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| JANET YELLEN, UNITED STATES SECRETARY OF THE TREASURY, | ) ) ) |
| Defendant. | ) ) |

No. 2:19-cv-02384-TLP-atc

**ORDER ON PLAINTIFF'S POST-JUDGMENT FILINGS AND DENYING MOTION FOR RELIEF FROM JUDGMENT**

Pro se Plaintiff Teresa Young filed an employment action in June 2019 based on her experience working as an office automation clerk at the Department of Treasury. (ECF No. 1.) After a long and arduous process of trying to conduct discovery, Defendant Janet Yellen, United States Secretary of the Treasury, moved to dismiss under Rule 37 of the Federal Rules of Civil Procedure because of Plaintiff's persistent failure to comply with discovery orders. (ECF No. 245.) Magistrate Judge Annie T. Christoff ("Judge Christoff") issued a Report and Recommendation ("R&R") recommending the Court grant Defendant's motion to dismiss.[1] (ECF No. 281.) The Court then adopted the R&R, granted the motion to dismiss, and entered judgment in October 2021. (ECF Nos. 301 & 302.) Plaintiff has submitted many post-judgment filings. (ECF Nos. 303; 304; 305; 306; 307.)

---

[1] The Court referred this case to Judge Christoff for management of all pretrial matters under Administrative Order 2013–05.

I.      **Plaintiff's Post-Judgment Filings**

First, Plaintiff filed an "Answer to Defense's October Request: Document 300." (ECF No. 303 at PageID 1997.) This document replies to Defendant's October 2021 response to Plaintiff's notice of "deposition responses." (ECF No. 300 at PageID 1973.) Defendant's prejudgment response argued that Plaintiff provided inadequate discovery responses.[2] (*Id.*) Plaintiff replied after the Court entered judgment asserting that Defendant also provided inadequate discovery responses. (ECF No. 303 at PageID 1999.) The reply also repeats arguments Plaintiff asserted in response to the R&R and motion to dismiss about mailing delays. (*Id.* at PageID 1998.) And the reply, like many of her other filings, hurls baseless accusations of racism and bias at opposing counsel and the Court. (*Id.*)

Plaintiff then filed a declaration referencing mailing delays and stating that she "did not receive a copy of an updated case schedule . . . entered [on the] docket [in] December 2020 . . . until 3 months later . . . ." (ECF No. 304 at PageID 2010.) Plaintiff also claims that "[d]uring the months of October and November 2021, [she] was not in receipt of **any** motions and/or decisions entered into this Court pertaining to her case." (*Id.* at PageID 2009 (emphasis in original).) But Plaintiff contradicts this assertion in her "Answer to Defense's October Request: Document 300," when she states, "Defense's Request [was] received by the Plaintiff via mail 13 October 2021." (ECF No. 303 at PageID 1997.)

Defendant responded to Plaintiff's notice of "deposition responses" on October 5, 2021. (ECF No. 300.) And Plaintiff replied that same month. (ECF No. 303 at PageID 1997.) This

---

[2] Defendant stated, "Plaintiff's purported response repeats the word 'Overbroad' more than fifty times without referencing any request for production or interrogatory." (ECF No. 300 at PageID 1973.) Defendant emphasized that the response Plaintiff sent "certainly did not respond to Defendant's requests for production or provide deposition dates, which the Court ordered Plaintiff to provide . . . ." (*Id.* (citing ECF No. 260 at PageID 1752).)

shows that Plaintiff received court filings in October 2021.  The Court dismissed the complaint and entered judgment on October 8, 2021.  (ECF Nos. 301 & 302.)  And neither the Court nor Defendant has docketed anything since.  Only Plaintiff has submitted filings after that date.[3]

Next, Plaintiff filed a "Request for Deposition upon the Defendant(s)."  (ECF No. 305 at PageID 2013.)  Plaintiff cites Rule 26 of the Federal Rules of Civil Procedure and seeks leave "to perform a deposition upon the Defendant(s) and parties listed in the body of [the] initial complaint."  (*Id.* at PageID 2013–14.)

Lastly, Plaintiff filed a document titled "Plaintiff's Appeal."  (ECF No. 306.)  Plaintiff states that she filed several motions between June and December 2021, which she asserts "were dismissed in April 2021 after magistrate-level case dismissal in March 2021."  (*Id.* at PageID 2020.)  Plaintiff asserts that this violates the Federal Rules of Civil Procedure and her rights under the Fourth and Fifteenth Amendments, because "[a]ll motions must be individually rendered . . . prior to a case dismissal."  (*Id.*)  Plaintiff maintains that Judge Christoff dismissed her case in March 2021.[4]  (*Id.* at PageID 2021.)

Plaintiff also complains that she received inadequate discovery responses from Defendants.  (*Id.* at PageID 2020.)  And that because the internet where she lives "is not so

---

[3] In a later post-judgment filing, Plaintiff repeats the statements from her earlier declaration, adding only that "[d]uring the months of **October, November, and December 2021**, [she] was not in receipt of **any** motions and/or decisions entered into this Court pertaining to her case." (ECF No. 307 at PageID 2025 (emphasis in original).)  As stated above, Plaintiff clearly received Court filings in October 2021.  (ECF No. 303 at PageID 1997.)  And only Plaintiff filed anything in November or December 2021.  (ECF Nos. 304; 305; 306; 307.)

[4] Judge Christoff entered an order to show cause in March 2021 warning Plaintiff that failure to comply with the Federal Rules of Civil Procedure, Local Rules, or any Court order might lead to dismissal.  (ECF No. 247 at PageID 1674–75.)  Ever since, Plaintiff has maintained that Judge Christoff dismissed her case in March 2021. (ECF Nos. 252 at PageID 1713; 253 at PageID 1719; 259 at PageID 1739; 264 at PageID 1766; 283 at PageID 1862; 284 at PageID 1876; 285 at PageID 1884; 289 at PageID 1899; 293 at PageID 1941–42; 306 at PageID 2021.)

good," Plaintiff "needs motions and decisions mailed to her." (*Id.*) Plaintiff also states that she "did not receive a copy of an updated case schedule . . . entered [on the] docket [in] December 2020 . . . until 3 months later . . . ." (*Id.* at PageID 2021.) And so Plaintiff contends that she is not responsible for the "missed meetings and deposition" that led the Court to dismiss her complaint. (*Id.*) Finally, Plaintiff claims that she is entitled to damages and appointed counsel. (*Id.* at PageID 2021–22.)

## II.     Analysis

None of Plaintiff's post-judgment filings cite a basis for the Court to reexamine its judgment. For Plaintiff's benefit, the Court will discuss whether Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure apply here.

Under Rule 59(e), a party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A district court has discretion to set aside a judgment under Rule 59(e) 'based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 494 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)); *see also Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 833 (6th Cir. 2019). (citation omitted). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)); *see also Jones*, 740 F. App'x at 495 ("Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected.").

Outside the time permitted by Rule 59(e), a party can seek relief from a final judgment or order under Rule 60(b) on many grounds including "mistake, inadvertence, surprise, or excusable neglect," and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (2), (6). A party moving for relief under Rule 60(b) must do so "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Courts may deny Rule 60(b) motions that merely reiterate arguments rejected before by the court. *See Dassault Systèmes, SA v. Childress*, 828 F. App'x 229, 249 (6th Cir. 2020); *see also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 544 (6th Cir. 2004); *Erby v. Kula*, 98 F. App'x 405, 407 (6th Cir. 2004).

The Court does not construe Plaintiff's "Answer to Defense's October Request: Document 300," her "Request for Deposition Upon the Defendant(s)," or her declarations as moving to alter or amend judgment under Rule 59(e) or seeking relief from judgment under Rule 60(b). (ECF Nos. 303; 304; 305; 307.) None of these filings identifies a basis for relief under Rule 59(e) or Rule 60(b). Plaintiff's declarations are not motions, and neither declaration provides a request for relief. (ECF Nos. 304; 307.)

Also Plaintiff's motion to depose Defendant and her complaints about the adequacy of Defendant's discovery responses are not relevant here, as the entry of final judgment extinguished Defendant's discovery obligations. (ECF Nos. 303; 305.) And while Plaintiff's reply contains other arguments, it raises them as objections to Judge Christoff's R&R in reply to a prejudgment response. (ECF No. 303 at PageID 1998.) Plaintiff therefore likely intended to submit the post-judgment reply as part of her prejudgment briefing on the R&R. Indeed, based on its timing—not to mention her repeated complaints of mailing delays and lack of internet access—Plaintiff had probably not received the Court's order and judgment when she submitted

5

the reply.⁵  In any event, the reply raises no new arguments.  It merely repeats arguments made elsewhere in her briefing on the R&R and motion to dismiss.⁶  And so, even if construed as a motion under Rule 59(e) or Rule 60(b), it would not bear fruit.  *See Brumley*, 909 F.3d at 841; *Jones*, 740 F. App'x at 495; *see also Childress*, 828 F. App'x at 249; *Johnson*, 357 F.3d at 544; *Erby*, 98 F. App'x at 407.

Plaintiff's lone remaining post-judgment filing is the document titled "Plaintiff's Appeal."  (ECF No. 306.)  While this document contains several arguments "to have her case reinstated," it cites neither Rule 59 nor Rule 60.  (*Id.* at PageID 2018.)  Plaintiff submitted this document on November 30, 2021, which is more than twenty-eight days after the Court entered judgment on October 8, 2021.  And so it is not timely as a motion to alter or amend judgment under Rule 59(e).

The Court acknowledges Plaintiff's claim that she has received no court filings in October, November, or December 2021.  (ECF Nos. 304 at PageID 2009; 307 at PageID 2025.)  If true, this means Plaintiff has not yet received the Court's judgment.  But Plaintiff also admitted receiving Defendant's October 2021 docket entry eight days after its filing.  (ECF No. 303 at PageID 1997.)  And as the Court emphasized when adopting the R&R, the Sixth Circuit has consistently held that parties have an affirmative duty to monitor the docket.  *See Harness v. Taft*, 801 F. App'x 374, 377 (6th Cir. 2020); *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir.

---

⁵ Plaintiff submitted her reply to Defendant's October 5, 2021 filing on October 14, 2021, a day after receiving it.  (ECF No. 303 at PageID 1997.)  The Court adopted the R&R, granted the motion to dismiss, and entered judgment on October 8, 2021.  (ECF Nos. 301 & 302.)  Assuming these filings would take the same amount of time to reach Plaintiff, she would not have received them until October 16, 2021.  Of course, Plaintiff has also said that she did not receive any court filings in October 2021.  (ECF Nos. 304 at PageID 2009; 307 at PageID 2025.)
⁶ Plaintiff's reply includes assertions about mailing delays and resulting lack of notice about hearings.  (ECF No. 303 at PageID 1998.)  Plaintiff made—and the Court addressed—these arguments in relation to the motion to dismiss and R&R.  (ECF No. 301 at PageID 1989–93.)

6

2012); *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370–71 (6th Cir. 2007); *Reinhart v. U.S. Dep't of Agric.*, 39 F. App'x 954, 956–57 (6th Cir. 2002).

Because Plaintiff's filing is untimely as a motion under Rule 59(e), the Court will construe it as seeking relief from judgment under Rule 60(b). But under either Rule, Plaintiff provides no basis for relief. The Court has already addressed most of the arguments it contains. For example, Plaintiff contends she is not responsible for the "missed meetings and deposition" that led the Court to dismiss her complaint because she "did not receive a copy of an updated case schedule . . . entered [on the] docket [in] December 2020 . . . until 3 months later . . . ." (*Id.* at PageID 2021.) But the Court addressed this argument when adopting the R&R.[7] (ECF No. 301 at PageID 1989–93.) And so this argument provides no basis for relief.

What is more, Plaintiff contends that the Court should have appointed counsel to represent her. (ECF No. 306 at PageID 2021–22.) This argument also is not new. Plaintiff asked the Court to appoint counsel many times. (ECF Nos. 3; 12; 16; 18; 20; 94.) And the Court has denied those motions.[8] (ECF Nos. 11; 27; 137.) Plaintiff could have raised any arguments related to appointment of counsel before judgment. And the Federal Rules of Civil Procedure and Local Rules prohibit a party from seeking revision of an interlocutory order after that court

---

[7] In adopting the R&R, the Court emphasized that Plaintiff consistently showed that she had internet access and an active email account in January, February, and March 2021. (ECF No. 301 at PageID 1991.) What is more, Judge Christoff's March 2021 order to show cause informed Plaintiff about her relevant discovery obligations. (ECF No. 247 at PageID 1673.) And Plaintiff knew about that order, because she filed many responses to it. (ECF Nos. 250, 251, 252, 253, & 254.) Lastly, as the Court noted, "[p]arties have an independent obligation to monitor all developments in an ongoing case and cannot rely on the clerk's office to fulfill this responsibility for them." *Harness*, 801 F. App'x at 377.

[8] As the Court first informed Plaintiff in June 2019, there is no constitutional right to counsel in a civil case. (ECF No. 11 at PageID 43 (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)).)

7

enters final judgment.  *See* Fed. R. Civ. P. 54(b); *see also* LR 7.3(a).  And so the Court's decision not to appoint counsel provides no basis for relief from judgment.

Finally, Plaintiff claims that the Court dismissed her complaint before ruling on all her motions.  (ECF No. 306 at PageID 2020.)  Plaintiff states that many motions she filed between June and December 2020 "went unanswered by the Court" and "were dismissed in April 2021 after magistrate-level case dismissal in March 2021." (*Id.*)  But as stated above, Plaintiff mistakenly asserts that Judge Christoff dismissed the complaint in March 2021.  Because the Court did not dismiss Plaintiff's complaint until October 2021, the case was still very much alive when the Court denied her motions in April.  Even so, Plaintiff cites no legal authority for the proposition that courts must individually resolve every motion filed in a case before dismissing it.  True enough, she vaguely references the Federal Rules of Civil Procedure and her rights under the Fourth and Fifteenth Amendments.  (*Id.*)  But she provides no basis for believing that any of the sources she cites forbid a court from ruling on motions collectively or granting a motion to dismiss while other unrelated motions remain pending.  And so this argument provides no basis for relief from judgment either.

Based on the above, the Court **DENIES** Plaintiff's motion for relief from judgment under Rule 60(b).  (ECF No. 306.)

**SO ORDERED**, this 31st day of January, 2022.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE